A98A0766. TANNER et al. v. LARANGO et al.
A98A0767. CHEEK et al. v. LARANGO et al.
(502 SE2d 516)

BEASLEY, Judge.

Larango was an invitee of a furniture store when she tripped and fell. Asserting that her fall was caused by a defect in the premises, she and her husband brought this action for personal injuries and loss of consortium against the owner and operator of the store (Cheek) and the lessor of the real property on which the store is located (the estate of Tanner). An interlocutory appeal brings to this Court the denial of summary judgment to defendants. In Case No. A98A0766, the estate of Tanner appeals. In Case No. A98A0767, Cheek appeals.

Larango testified that as she was exiting the store, she fell as a result of the toe of her shoe getting caught in a moss-filled gap between a sidewalk which served as the entrance to the store and the store's parking lot. Larango acknowledged she saw the moss before stepping on it but testified it covered the gap. Photographs show that although green moss growing in the separation concealed the depth of the gap between the light-colored, mottled cement sidewalk and the black asphalt parking lot level with it, the gap itself was plainly visible.

1. The decisive issues in such premises liability cases are (1) fault on the part of defendant and (2) ignorance of the danger on the part of plaintiff. *Powell v. Woodridge Condo. Assn.*[1] The law in this case called for summary judgment because the evidence cannot support a finding of fault or negligence by defendants and shows indisputably that plaintiff knew of the danger.

---

[1] 206 Ga. App. 176 (424 SE2d 855) (1992); see *Robinson v. Kroger Co.*, 268 Ga. 735 (1) (493 SE2d 403) (1997).

2. The pavement gap was at most a regularly occurring irregularity, and its obviousness relieved defendants of any duty to warn invitees of the risk posed.

" ' "Occupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects. One coming upon such premises is not entitled to an absolutely smooth or level way of travel." . . . (Cit.) "It is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a static defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved." . . . (Cit.)' [Cits.]"[2] To hold defendants liable for injuries resulting from such a risk " 'would make [them insurers] of the safety of [their invitees] and that is not and should not be the law in this State.' [Cit.]"[3]

3. That Larango's shoe could get caught in the gap if she stepped on it was as obvious as were the dangers in *Powell*, supra, *Dunn v. Gourmet of Macon*,[4] and *Bloch v. Herman's Sporting Goods*,[5] wherein the defendants were entitled to summary judgment.[6]

In *Powell*, the plaintiff fell on a set of stairs made of railroad ties. She acknowledged that prior to her fall, she knew the stairs were cracked but testified she had no knowledge or appreciation of the danger that the heel of her shoe would sink into the crack. In *Dunn*, the plaintiff fell after she stepped off a sidewalk into a depression in the pavement creating a hole with a depth of one and one-half inches in which leaves, sand, and discarded cigarette butts had accumulated. She maintained that the presence of the debris prevented her from knowing the steepness and extent of the hole's declivity. *Bloch* held that a plaintiff, who knowingly put her foot in a puddle of water surrounded by ice in freezing temperature, knew the risk of the puddle being icy.

Contrary to plaintiffs' arguments, affirmance of the denial of defendants' motion for summary judgment is not required by the recent Supreme Court decision in *Robinson v. Kroger Co.*, supra. The reason is that Larango's act of stepping on the separation between the two surfaces rather than stepping over it was one " ' "which the common sense of mankind pronounces want(s) of such prudence an ordinarily careful person would use in a like situation." ' [Cit.]"[7] Her

---

[2] *Freyer v. Silver*, 227 Ga. App. 253, 256 (2) (488 SE2d 728) (1997).

[3] *King v. King*, 226 Ga. App. 791, 793 (487 SE2d 510) (1997).

[4] 207 Ga. App. 826 (429 SE2d 282) (1993).

[5] 208 Ga. App. 280 (430 SE2d 86) (1993).

[6] Compare *Lawless v. Sasnett*, 200 Ga. App. 398 (408 SE2d 432) (1991); *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884 (1) (476 SE2d 631) (1996).

[7] *Robinson v. Kroger Co.*, supra, 268 Ga. at 741 (1).

act constituted "voluntary negligence."[8]

4. Plaintiffs' motion to dismiss this appeal on the ground the appeal application was improvidently granted in view of *Robinson* is denied.

*Judgments reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 20, 1998 —

*Webb, Tanner & Powell, Ralph L. Taylor III*, for appellants (case no. A98A0766).

*Killorin & Killorin, Robert W. Killorin*, for appellants (case no. A98A0767).

*Johnny N. Panos, Robert C. Koski*, for appellees.

---

[8] See id. at 737, citing *Bloch*, supra, with approval.