A99A1538. WRIGHT v. JDN STRUCTURED FINANCE, INC.
(522 SE2d 4)

BLACKBURN, Presiding Judge.
   Carolyn R. Wright appeals the trial court's order granting summary judgment to the defendant, JDN Structured Finance, Inc. (JDN), in the underlying static defect trip and fall case. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

(Punctuation omitted.) *Parker v. Welborn*, 236 Ga. App. 344 (511 SE2d 917) (1999).
   Wright contends that as she was walking toward a store in the defendant's shopping area, she lost her footing when she tripped on the high curb to the sidewalk and then she stepped onto the corner of a low brick planter which caused her to fall to the ground and suffer injuries. She contends that her view of the planter was obstructed by overgrown shrubs. Her deposition testimony makes it clear, however, that her action in tripping over the curb is what set the incident in motion. The curb on which Wright tripped was painted yellow. Wright's affidavit that she tripped over a planter and not the curb is not sufficient to create a genuine issue of material fact because this statement conflicts, without explanation, with her deposition in which she testified on at least six separate instances that she tripped

on the curb or "curve."

1. On motion for summary judgment a party's self-conflicting testimony is to be construed against her unless a reasonable explanation for the contradiction is offered. *Gentile v. Miller, Stevenson &c.*, 257 Ga. 583 (361 SE2d 383) (1987); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). As Wright offered no explanation for the contradiction between her affidavit and deposition testimony, the trial court was required to *"eliminate* the favorable portions of the contradictory testimony and then take all testimony on motion for summary judgment *as it then stands,* and construe it in favor of the party opposing the motion in determining whether a summary judgment should be granted." (Punctuation omitted.) *Gentile,* supra at 583.

In the present case, application of this rule does not change our primary analysis because whether Wright tripped over a planter or the curb, both obstacles are static conditions.

2. JDN contends that Wright failed to exercise reasonable care for her own safety to avoid the static conditions on its property.

> In order for [Wright] to recover, two elements must exist: (1) fault on the part of the owner, [JDN], and (2) ignorance of the danger on the part of the invitee, [Wright]. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then[,] by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition. Under the conditions here set out, a person acting in the exercise of ordinary care for [her] own safety should have been aware that such a hazard to walking up onto a curbed sidewalk would be likely to exist, and should have accordingly exercised ordinary care to avoid it. Her means of knowledge being equal with that of [JDN], it follows that she has failed to show a right of recovery based upon the acts of negligence alleged.

(Punctuation omitted.) *Warnke v. Pace Membership Warehouse*, 215 Ga. App. 33, 34 (449 SE2d 629) (1994).

> Occupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects. One coming upon such premises is not entitled to an absolutely smooth or level way of travel.

(Punctuation omitted.) *Tanner v. Larango*, 232 Ga. App. 599, 600 (2) (502 SE2d 516) (1998).

> The ultimate issue is whether [JDN] was negligent in maintaining a hazardous condition on the property[,] and in everyday life, persons are required to negotiate floors, steps and doorways. Even if the curbed sidewalk was hazardous as [Wright] asserts, the condition was open and obvious, and thus, in the exercise of ordinary care, she could have avoided it. There is no duty to warn of the obvious.

(Citations and punctuation omitted.) *Warnke*, supra at 34.

Contrary to Wright's argument, the trial court did not err in granting JDN's motion for summary judgment based on *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997). Summary judgment was proper because Wright's act of tripping on the yellow-painted curb or a planter constituted voluntary negligence on her part. See id. at 737. See also *Tanner*, supra at 600-601.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED JUNE 28, 1999 —
RECONSIDERATION DENIED AUGUST 20, 1999 ▮▮▮▮

*Blackmon & Dudley, Nathaniel H. Blackmon III*, for appellant.
Carolyn Wright, *pro se.*
*Webb, Carlock, Copeland, Semler & Stair, Edward A. Miller, Jerome B. McNally*, for appellee.