A99A1299. GAINES et al. v. INGLES MARKETS, INC. et al.
(524 SE2d 766)

MILLER, Judge.

Clara and James Gaines sued Ingles Markets, Inc., Gable Electric Company and R. L. Franklin, Inc. (both contractors working on a construction project for Ingles) for injury to Mrs. Gaines' knee when her grocery cart tipped forward and caused her to fall in an Ingles parking lot. The Gaineses claim that a trench back-filled with gravel was the cause of her fall and that the defendants failed to maintain the parking lot in a safe condition. Finding that Mrs. Gaines assumed the risk of her injury, the trial court granted summary judgment to the defendants. The Gaineses appeal, citing as error (1) the grant of summary judgment to the defendants, (2) the failure of

the trial court to follow the directives of *Robinson v. Kroger Co.*,[1] and (3) the trial court's holding as a matter of law that the "necessity" exception to the doctrine of assumption of the risk does not apply. Because the evidence is undisputed that Mrs. Gaines assumed the risk of her knee injury, we affirm.

1. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2] Construed in favor of the Gaineses, the evidence shows that Mrs. Gaines drove to an Ingles store, where ongoing construction resulted in a gravel-filled trench traversing the full length of the parking lot. The parking spaces on the side of the trench closest to the store were full, so she parked on the opposite side, which required her to walk across the trench. With a cart full of groceries, she exited the store and proceeded to walk back across the trench when the cart suddenly tilted forward in the gravel and threw her to the ground. Her knee hit the cart and the gravel, resulting in injury. She testified that because the trench extended across the full length of the parking lot, she had no choice but to walk across it to enter and exit the grocery store.

The trial court premised its order granting summary judgment to all defendants on assumption of the risk, finding that Mrs. Gaines "attempted to traverse the trench with knowledge of the risks involved." Although assumption of the risk is ordinarily not susceptible to summary adjudication, where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, summary judgment is appropriate.[3] To show assumption of the risk, the defendant must present evidence that the plaintiff had (1) actual knowledge of the danger, (2) understood and appreciated the risks, and (3) voluntarily exposed herself to that risk.[4]

In her deposition, Mrs. Gaines made several statements demonstrating her knowledge of the trench and its dangers. She stated that she had traversed the trench on a previous occasion, that she successfully walked across the trench to enter the store on the present occasion and was fully aware of it as she crossed, and that it was daylight and nothing distracted her attention as she walked back across the trench. Her statements establish conclusively that she had actual knowledge of the trench. Mrs. Gaines also testified that before going back across the trench, she slowed and gripped the handle of

---

[1] 268 Ga. 735 (493 SE2d 403) (1997).

[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[3] *Alexander v. Sportslife*, 232 Ga. App. 538, 539 (2) (502 SE2d 280) (1998); *Smith v. Mangram*, 222 Ga. App. 585, 586 (474 SE2d 758) (1996).

[4] *Desai v. Silver Dollar City*, 229 Ga. App. 160, 164-165 (3) (493 SE2d 540) (1997); *Smith*, supra, 222 Ga. App. at 586.

the cart tightly because she did not want the cart to turn over — the very harm she suffered. Mrs. Gaines appreciated the risk of crossing the trench with a grocery cart and, despite this, proceeded to cross. Because a jury could only draw the conclusion that Mrs. Gaines assumed the risk of injury to her knee, the trial court did not err in granting summary judgment to the defendants.

2. Shifting their focus from general negligence to premises liability, the Gaineses claim that the court did not follow the directives of *Robinson v. Kroger Co.*,[5] which requires that the invitee prove "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." The second prong is not shouldered until the defendant has established negligence on the part of the plaintiff,[6] here shown by Mrs. Gaines' admissions regarding her knowledge of the trench and its hazards.

A proprietor is not the insurer of an invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which it has superior knowledge.[7] Here both Mrs. Gaines and the defendants had equal knowledge of the hazard. Because Mrs. Gaines cannot satisfy the second prong of *Robinson*, she cannot recover damages for her injury.[8] The evidence is plain, palpable, and undisputed, and under *Robinson* the defendants are entitled to summary judgment.

3. The Gaineses claim the "necessity" exception to assumption of the risk applies to the facts of this case. But this exception applies only in the context of a landlord-tenant relationship.[9]

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 8, 1999 —
RECONSIDERATION DENIED DECEMBER 6, 1999.

*Phelps & Campbell, Richard D. Campbell*, for appellants.

*Johnson, Kane & Penna, Frederick A. Johnson, McLeod, Benton, Begnaud & Marshall, Michael C. Pruett, Fortson, Bentley & Griffin, J. Edward Allen, Jr.*, for appellees.

---

[5] Supra, 268 Ga. at 748-749 (2) (b).
[6] Id.
[7] Id. at 740 (1); *Lau's Corp.*, supra, 261 Ga. at 492 (1).
[8] See *Robinson*, supra, 268 Ga. at 748-749 (2) (b).
[9] *Hart v. Brasstown View Estates*, 234 Ga. App. 389, 391 (506 SE2d 896) (1998); *Hallberg v. Flat Creek Animal Clinic, P.C.*, 225 Ga. App. 212, 216-217 (2) (e) (483 SE2d 671) (1997).