A99A2128. SHEPARD v. WINN DIXIE STORES, INC.
(527 SE2d 36)

PHIPPS, Judge.

Rosemary Shepard appeals the trial court's order granting summary judgment to Winn Dixie Stores, Inc. in her slip and fall action. After conducting oral argument on Winn Dixie's motion, the trial court issued a one-sentence order granting the motion for summary judgment. Because we find genuine issues of material fact remain with respect to Winn Dixie's constructive knowledge of the hazard and Shepard's exercise of reasonable care for her own safety, we reverse.

On July 14, 1997, Shepard entered a Winn Dixie supermarket in Tifton and walked to the back of the store. She then returned to the front of the store to get a shopping cart. As she was going through the produce section, she slipped and fell in a four-inch-wide puddle of water with small pieces of ice in it located next to a display of fruits and salads packed in ice. Shepard testified that there were no Winn Dixie employees in the area before she fell, but a store employee did see her while she was still on the floor. She does not claim that anyone actually saw her fall.

Shepard testified that she did not see the puddle before she fell and does not know how long it was there prior to her fall. She also testified that she does not look down when she walks. Instead, she was looking ahead at the time she fell. Shepard admits that if she had been looking down, she probably would have seen the puddle.

In support of its motion for summary judgment, Winn Dixie submitted an affidavit from its location manager, Warren Wohlgemuth. In his affidavit, Wohlgemuth stated that Winn Dixie has an inspection and cleaning policy that requires the floor to be swept and checked for foreign substances every 30 minutes. He also stated that the "procedure was being followed on July 14, 1997," and that the floor where Shepard fell had been swept within 30 minutes prior to her fall. Wohlgemuth's affidavit does not recite that it is based on his own personal knowledge. Nor does the affidavit state that Wohlgemuth was present on July 14, 1997, who actually performed the inspection procedures, or the basis for Wohlgemuth's knowledge that the inspection procedures were followed on that day.

We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact.[1] To prevail, the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law.[2] "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case."[3]

1. To prove negligence in a slip and fall premises liability case, the plaintiff must show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it.[4] Shepard presented no evidence that Winn Dixie had actual knowledge of the hazard which caused her fall. To establish constructive knowledge, Shepard must show that (1) a Winn Dixie employee was in the immediate area of the hazard and could have easily seen the substance or (2) the foreign substance remained long enough that ordinary diligence by Winn Dixie should have discovered it.[5]

Because no Winn Dixie employees were in the immediate area

[1] *Howell v. Styles*, 221 Ga. App. 781, 784 (4) (472 SE2d 548) (1996).
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[3] (Emphasis omitted.) Id.
[4] *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997).
[5] *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629, 631 (3) (b) (493 SE2d 196) (1997).

when Shepard fell, she must use the second method of proving constructive knowledge.

"Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident."[6]

In addition, to withstand a motion for summary judgment, the plaintiff need not show how long the hazard had been present unless the owner has demonstrated its inspection procedures.[7]

In the Wohlgemuth affidavit, Winn Dixie presented evidence of its general inspection procedures and the procedures utilized the day Shepard fell. Affidavits submitted in support of a motion for summary judgment must be based on personal knowledge.[8] Although an affidavit need not expressly state that it is based on personal knowledge, it must at least reflect that its contents are rooted in the affiant's personal knowledge and observation.[9]

Wohlgemuth, as the store's location manager, would almost certainly have personal knowledge of the general inspection procedures utilized by his store. But the same is not necessarily true with respect to the inspection procedures carried out on the day Shepard fell. Because Wohlgemuth's affidavit does not recite that it is based on personal knowledge and the contents do not reflect that he observed or had personal knowledge of the inspection procedures carried out on that particular day, Winn Dixie failed to meet its burden.

Even if the Wohlgemuth affidavit was not defective, we cannot conclude as a matter of law that Winn Dixie's inspection procedures were reasonable under the circumstances. The length of time the substance must remain on the floor before the owner should have discovered it and what constitutes a reasonable inspection procedure vary with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location.[10] When a supermarket fills a

---

[6] *Avery v. Cleveland Ave. Motel*, 239 Ga. App. 644, 645-646 (2) (521 SE2d 668) (1999); see *Ingles Markets v. Martin*, 236 Ga. App. 810, 811 (513 SE2d 536) (1999); *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (1) (500 SE2d 353) (1998).

[7] Id.

[8] OCGA § 9-11-56 (e).

[9] See *Edwards v. Campbell Taggart Baking Cos.*, 219 Ga. App. 806, 808 (2) (466 SE2d 911) (1996).

[10] *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 469 (1) (b) (522 SE2d 749) (1999); *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

table with crushed ice and produce, knowing that customers will remove the produce and likely cause at least some ice to fall on the floor, it creates a potential hazard to customers that may be very difficult to see and avoid. Thus, an inspection may be required more frequently than every 30 minutes. Under these circumstances, we find that the reasonableness of Winn Dixie's inspection procedures was for the jury to determine.[11]

2. Winn Dixie contends Shepard failed to exercise reasonable care for her own safety because she was looking ahead when she fell instead of looking down at the floor. In *Robinson v. Kroger Co.*, the Supreme Court of Georgia rejected any requirement that an invitee look continuously at the floor for defects because "the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe."[12] Shepard's decision to look ahead instead of down as she was walking through the store does not establish her negligence as a matter of law.

Nor does the fact that Shepard probably could have seen the puddle if she had been looking down constitute a failure to exercise ordinary care as a matter of law.[13] Under these circumstances, "the evidence does not plainly, palpably, and indisputably lead to the conclusion that [Shepard's] placement of her foot on a site she had not previously inspected visually is an act . . ." that an ordinarily prudent person would not take in this situation.[14] Winn Dixie was not entitled to summary judgment on this issue.

*Judgment reversed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 7, 1999 —
RECONSIDERATION DENIED JANUARY 7, 2000 — 

*Beauchamp & Associates, Robert M. Beauchamp, Patrick S. Eidson, Mark G. Pitts*, for appellant.

*Clyatt, Clyatt & DeVaughn, Robert M. Clyatt, Carl G. Fulp III, Sandra K. Sanders*, for appellee.

---

[11] See *Jones v. Krystal Co.*, 231 Ga. App. 102, 104-105 (d) (498 SE2d 565) (1998) (failure to inspect fast food restaurant during 20-minute period may be unreasonable).

[12] *Robinson*, supra at 743.

[13] Id.

[14] Id.