A00A0453. JACKSON v. WAFFLE HOUSE, INC.
(537 SE2d 188)

MILLER, Judge.

Plaintiff Lois Donigan Jackson sued Waffle House, Inc. for personal injuries sustained when she tripped and fell in the parking lot of defendant's restaurant. Waffle House moved for summary judgment, because Jackson admitted she was "well aware of the [rough and uneven] condition of the parking lot" and because she further admitted that she would have noticed the uneven pavement, had she been looking. The trial court granted defendant's motion, concluding that Jackson was aware of any hazard created by the condition of the parking lot and failed, as a matter of law, to exercise the proper amount of caution in traversing the parking lot. Because it remains for a jury to determine whether plaintiff exercised ordinary care in this instance to avoid any hazard posed by the irregular surface of the parking lot, we reverse.

Viewed in the light most favorable to plaintiff as the nonmov-

ant,[1] the evidence revealed that on most every Friday since at least 1988, Jackson met her son and granddaughter at this Waffle House around noon for lunch. On rainless March 29, 1996, 74-year-old Jackson drove her car to this Waffle House and entered without incident, although in Jackson's opinion, this parking lot was in terrible condition. Specifically, the parking lot was not very level but was slanting and sloped and was not comfortable to walk on. When asked whether the parking lot had holes in it, plaintiff responded, "It was awfully rough," meaning the entire parking lot needed repairs.

Plaintiff had no difficulty in entering the restaurant on this occasion because she is "very careful where [she] step[s] [and because she does not] like to walk in puddles of water, either." She was wearing crepe rubber sole shoes. As plaintiff's party left the restaurant after their meal, workers were blocking the intended exit, so they used the other. Plaintiff stepped off the curb, which is a little high, took "one, two, or three steps, and the next thing [she] knew, bam and that was it." Although plaintiff declined to identify the precise spot where she fell, relying on her son's statement, she did confirm a photograph her son took represented "the direction [she] was in[,] . . . the area in which [plaintiff and her son] were in when [they] left the restaurant." She fell because the area where she put her foot was defective, in that it was "sunk in, dug out." In Jackson's view, the owner or occupier "should have had that area smoothed," and "[f]illed in so it would be a smooth surface." Jackson did not think that particular hole was highlighted with yellow paint.

Jackson was not taking any medication that day, nor drinking alcohol, and did not lose her balance simply by stepping off the curb. Jackson conceded the defect or depression was observable "[i]f [she] had been looking right straight down . . . , but you don't walk [that way]." So although Jackson looked down when she stepped off the curb, she did not recall noticing anything out of the ordinary. She had not noticed that particular spot before and had not traversed this particular area on prior occasions. Jackson was unable to identify water, grease, or any slippery substance as a contributing cause of her fall.

Plaintiff's adult son, Dugger Floyd Anderson, accompanied his mother out of the restaurant. He turned as they stepped off the curb "and the next thing [he knew] she was falling." Anderson checked the asphalt and determined that it becomes "uneven as soon as you walk

---

[1] By failing to file any responsive brief contesting appellant's statement of the facts, Waffle House consented to a decision based on the facts as stated in appellant's brief, per Court of Appeals Rule 27 (b) (1). *Biven Software v. Newman*, 222 Ga. App. 112, 115 (1) (473 SE2d 527) (1996). Nevertheless, we undertake a de novo review of the record in this summary judgment appeal. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

out. You can step about two steps, then it gets uneven." He described the uneven pavement as a "belly-wash." According to the angle of the light in some photographs of the pavement Anderson took, at "[o]ne angle you can see it, one angle you can't." Also, there is "a big wash-out right there where she fell," with loose rocks. Anderson confirmed the area where his mother fell is painted as a "No Parking" area. He also confirmed he had complained to someone in management named Roger "numerous times about the lot. . . ."

1. *Defendant's knowledge.* OCGA § 51-3-1 provides:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

And as the Supreme Court of Georgia recently reaffirmed,

> in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the [defendant].[2]

The specific defect or hazard in this "trip-and-fall" case is the cavity where plaintiff placed her foot after stepping down from the curb, caused by the uneven and unrepaired condition of defendant's restaurant parking lot. The owner/occupier does not warrant the safety of an invitee, but nevertheless must

> exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.[3]

An owner/occupier is on constructive notice of what a reasonable inspection would reveal.[4] Evidence that the parking lot had been in

---

[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (493 SE2d 403) (1997).

[3] (Citations omitted.) Id. at 740 (1).

[4] *Wesleyan College v. Weber*, 238 Ga. App. 90, 94 (b) (517 SE2d 813) (1999) (whole court). And see *Freyer v. Silver*, 234 Ga. App. 243, 245-246 (2) (507 SE2d 7) (1998) (whole court),

disrepair for many years authorizes the finding that defendant failed in its duty to carry out periodic inspections and to take reasonable steps to protect invitees from those dangers foreseeable from the uneven parking lot.

2. *Plaintiff's knowledge.* "It is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely her knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which plaintiff observes and avoids."[5] Here, Jackson denied she had ever traversed this specific area of the parking lot before. Consequently, the evidence does not demand a finding that she had constructive notice of this specific hazardous cavity one or two steps from the edge of the curb, simply because she had traversed the parking lot many times over the years.[6] And the fact that the rough uneven pavement is a static condition, ostensibly open and obvious, cannot automatically absolve the owner/occupier from liability, if any, from its failure to exercise ordinary care to keep the approaches safe.[7] To do so would "relegate a business patron to licensee status by requiring the patron to be on the alert to discover [and avoid] defects [in the approaches]."[8] "We do not understand this to be the law in [trip] and fall cases."[9]

Nor can we say the evidence demands a finding that Jackson failed to exercise ordinary care for her own safety.

In *Robinson v. Kroger Co.*, the Supreme Court of Georgia rejected any requirement that an invitee look continuously at the floor [or ground] for defects because the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe.[10]

---

cert. vacated, 235 Ga. App. 905 (1999) (notice to owner of hazardous placement of parking space near steep and deceptive slope into drain culvert presumed under theory of defective construction).

[5] (Citations and punctuation omitted.) *Gourley v. Food Concepts*, 229 Ga. App. 180 (493 SE2d 587) (1997) (whole court).

[6] Id. at 182 (constructive knowledge is not conclusively imputed to patron who traverses different areas). Accord *Dept. of Human Resources v. Thomas*, 217 Ga. App. 174, 178 (1) (456 SE2d 724) (1995) (physical precedent only).

[7] *Freyer v. Silver*, supra, 234 Ga. App. at 246 (3). It should be noted that the prior decision of this Court in *Freyer v. Silver*, 227 Ga. App. 253 (488 SE2d 728) (1997), was vacated at the direction of the Supreme Court at 234 Ga. App. at 245 (1), and the "open and obvious" analysis employed therein and in *MARTA v. Fife*, 220 Ga. App. 298 (2) (469 SE2d 420) (1996), was disapproved by the majority in light of the Supreme Court's ruling in *Robinson v. Kroger Co.*, supra. *Freyer v. Silver*, supra, 234 Ga. App. at 246 (3). The dissent's reliance on *Tanner v. Larango*, 232 Ga. App. 599, 600 (2) (502 SE2d 516) (1998), which depends on the superseded analysis of the vacated *Freyer* decision, is misplaced.

[8] *Robinson v. Kroger Co.*, supra, 268 Ga. at 742 (1), n. 3.

[9] (Citation omitted). *Telligman v. Monumental Properties*, 161 Ga. App. 13, 17 (2) (288 SE2d 846) (1982).

[10] (Punctuation and footnote omitted.) *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746,

Jackson testified that she is very careful where she steps and that she did not simply lose her balance. This is some evidence that she exercised ordinary care for her own safety to see and avoid the hazards posed by defendant's failure to fulfill its duty to keep the approaches safe.[11] The fact that Jackson agreed at her deposition she could have seen the cavity, had she looked straight at it, no longer is a viable basis for sustaining summary judgment.[12] Thus, whether Jackson maintained a reasonable lookout for her own safety, whether she had greater or equal knowledge of the specific undulation in the pavement which constituted the hazard in this case, and whether she exercised ordinary care for her own safety are questions of fact to be resolved at trial.[13]

*Judgment reversed. Pope, P. J., Blackburn, P. J., and Ellington, J., concur. Ruffin, J., concurs in judgment only. Andrews, P. J., and Smith, P. J., dissent.*

SMITH, Presiding Judge, dissenting.

I respectfully dissent. The evidence is undisputed that Jackson had knowledge of the condition of the parking lot, as she unequivocally admitted her knowledge, before she fell, that "[i]t seemed to be in terrible condition." She also testified that the entire parking lot was "slanting and slopey" and "awfully rough," and that walking in it was not comfortable. The condition of the parking lot was obviously a static defect, open and obvious to Jackson for a period of time prior to her fall. Under these circumstances, she has not shown that Waffle House had superior knowledge of any defect. Instead, the record shows that she had knowledge of the condition of the parking lot at least equal to that of Waffle House. See, e.g., *Gaines v. Ingles Markets*, 241 Ga. App. 302, 304 (2) (524 SE2d 766) (1999); *Tanner v. Larango*, 232 Ga. App. 599, 600 (2) (502 SE2d 516) (1998);[14] *Denham v. Young Men's Christian Assn. &c.*, 231 Ga. App. 197 (499 SE2d 94) (1998). Consequently, I would affirm the trial court's order granting summary judgment to Waffle House.

---

749 (2) (527 SE2d 36) (1999).

[11] "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." OCGA § 51-11-7.

[12] *Robinson v. Kroger Co.*, supra, 268 Ga. at 743 (1). Accord *Freyer v. Silver*, supra, 234 Ga. App. at 246 (3).

[13] *Ray v. Restaurant Mgmt. Svcs.*, 230 Ga. App. 145, 146 (495 SE2d 613) (1998).

[14] As pointed out by the majority, *Tanner* does cite to *Freyer v. Silver*, 227 Ga. App. 253 (488 SE2d 728) (1997), a case that was later vacated. See *Freyer v. Silver*, 234 Ga. App. 243 (507 SE2d 7) (1998). But this fact does not dispense with the general rule that an invitee who has equal knowledge of a hazard cannot recover for his or her injuries. See *Gaines*, supra at 304 (2). See also *Wright v. JDN Structured Finance*, 239 Ga. App. 685, 686-687 (522 SE2d 4) (1999).

I am authorized to state that Presiding Judge Andrews joins in this dissent.

DECIDED JULY 12, 2000 —
RECONSIDERATION DENIED JULY 27, 2000 ■■■■■■■■■

*Thomas J. Gustinella*, for appellant.
*Karsman, Brooks & Callaway, Stanley Karsman*, for appellee.