## A03A1913. MOCK v. KROGER COMPANY.
(598 SE2d 789)

BARNES, Judge.

Laverne Mock appeals from the trial court's grant of summary to the Kroger Company in this slip and fall case. We find no error and affirm.

Summary judgment is proper when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review to an appeal from a grant of summary judgment, and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Wright v. JDN Structured Finance*, 239 Ga. App. 685 (522 SE2d 4) (1999).

Viewed in this light, the record shows that Mock fell after slipping on a small puddle of water while cutting through an empty checkout lane. Mock testified that the puddle blended in with the white, shiny floor and that she would not have been able to see it even if she had been looking for it and knew that a puddle was there. In order to see the puddle, she would have had to be on her knees on the floor.

The manager on duty at the time of Mock's fall testified that the water came from some dripping lettuce in the cart of another customer who was waiting to check out in the adjacent aisle. The cart was still in the area of Mock's fall when the manager arrived on the scene. This customer did not place the lettuce in one of the plastic bags

available in the produce department before checking out. The manager testified that leafy vegetables, such as the lettuce in the customer's cart, were misted with water from an automated system in the produce department to keep them fresh. He could not recall any previous incidents in which dripping produce placed in a customer's cart caused water to accumulate on the floor during the seven years he was employed at this Kroger location. He acknowledged that if a customer failed to place wet produce in a bag before placing it in a cart, the produce could drip water on the floor as the customer pushed the cart through the store. He also admitted that it would be difficult for both customers and Kroger employees to see water on the tile floor in the store.

Over a year after Mock's fall, the store rearranged its produce display cases, creating a need to replace the floor tile in the produce department. At that time, nonslip tiles were installed throughout the produce department. The tile in the rest of the store was not replaced. At the time of Mock's fall, the store did not have signs instructing customers to place their produce in a plastic bag or warning customers that water might accumulate on the floor as a result of the misters used in the produce department. However, before Mock's fall, no one had ever fallen as a result of wet produce and no one had complained about wet produce leaking on the floor.

"[T]o recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). The outcome of this case turns on whether Mock can establish Kroger's constructive knowledge of the water on the floor because it is undisputed that Kroger did not have actual knowledge. There are two established ways to prove constructive knowledge in a slip and fall case: (1) show that an employee of the defendant was in the immediate area of the hazard and could have easily seen it, or (2) show that the foreign substance remained long enough that ordinary diligence by the defendant should have discovered it. *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 747 (1) (527 SE2d 36) (1999). Neither of these methods can be used by Mock in this case and she acknowledges in her brief that "[t]his is not a case in where the plaintiff contends that Kroger was negligent in failing to discover *the particular puddle* on the floor." (Emphasis supplied.) Instead, Mock contends that Kroger had knowledge of the risk and that Kroger's active negligence caused the hazard.

According to Mock, knowledge of the particular hazard is imputed under Georgia law when the defendant's active negligence

creates the risk of the hazard. Mock asserts Kroger was actively negligent because it knew about the potential risk posed by wet produce that was not bagged and should have: (1) posted signs requiring all wet produce be bagged; (2) assigned employees to the produce department to ensure that wet produce was bagged; and (3) warned customers of the risk.

In support of this argument, Mock relies on *Bruno's Food Stores v. Taylor*, 228 Ga. App. 439, 443-444 (2) (491 SE2d 881) (1997) (physical precedent only), a slip and fall case in which the plaintiff fell on a water streak left by a cleaning machine. In this case, the author wrote:

> Where the owner/occupier of the premises through malfeasance (commission of an act wrongful in itself), misfeasance (improper performance of an act), or nonfeasance (the failure to perform an act) creates a reasonably foreseeable danger to an invitee, then knowledge is presumed or imputed to the owner/occupier, because it is the tortfeasor's act or omission that created the danger or allowed the danger to continue unabated or without warning. *Lipham v. Federated Dept. Stores*, [263 Ga. 865 (440 SE2d 193) (1994)]; *Wade v. Mitchell*, [206 Ga. App. 265 (424 SE2d 810) (1992)]; *American Nat. Bank of Brunswick v. Howard*, 117 Ga. App. 834 (161 SE2d 838) (1968).

Id. at 444 (2). The two other judges on the panel, however, disagreed with this reasoning, stating:

> [T]he majority's active negligence theories and its effort to merge active negligence concepts in slip and fall cases are contrary to Supreme Court precedent and were rejected by this Court in *Adams v. Sears, Roebuck & Co.*, 227 Ga. App. 695 (490 SE2d 150) [(1997)] and *Hartley v. Macon Bacon Tune*, 227 Ga. App. 679 (490 SE2d 403) [(1997), vacated on other grounds, 234 Ga. App. 815 (507 SE2d 259) (1998)].

Id. at 453 (6) (Birdsong, P. J., concurring specially). This special concurrence renders *Bruno's Food Store* physical precedent only; it is not binding in any other case. Court of Appeals Rule 33 (a); *Southern Elec. Supply Co. v. Trend Constr.*, 259 Ga. App. 666, 670 (1) (578 SE2d 279) (2003). Thus, this case cannot be used to support an "active negligence" theory in a slip and fall case.

Mock also relies on *Johnson v. Clark*, 233 Ga. App. 508, 511 (504 SE2d 536) (1998), but *Johnson* is not a slip and fall case and therefore did not alter our well-established law on how a plaintiff may prove

constructive knowledge in a slip and fall case. See *Shepard*, supra. Moreover, as the standards applicable to imposition of liability in foreign substance slip and fall cases were established by our Supreme Court in *Robinson v. Kroger Co.*, supra, and *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980), we have no authority to deviate from those standards.

In this case, no evidence exists that an employee of Kroger created the particular puddle in which Mock fell. Instead, it was caused by a third party, the customer that failed to place the lettuce in an available plastic bag. As a result, we cannot find that Kroger had constructive knowledge of the puddle. The trial court's grant of summary judgment to Kroger was proper.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 23, 2004 —
RECONSIDERATION DENIED APRIL 13, 2004 —

*Victor Hawk*, for appellant.
*Carlock, Copeland, Semler & Stair, Ryan B. Wilhelm, Douglas A. Wilde*, for appellee.