## A11A0265. LANDRUM v. ENMARK STATIONS, INC. et al.

(712 SE2d 585)

MILLER, Presiding Judge.

In this "trip and fall" premises liability case, plaintiff Margaret Landrum ("Landrum") appeals the trial court's grant of summary judgment in favor of defendants Enmark Stations, Inc., Colonial Oil Industries, Inc., and Colonial Group, Inc. (collectively, "Enmark"). In three related enumerations, Landrum contends the trial court erred in granting summary judgment because material issues of fact remain as to whether Enmark had constructive knowledge of an uneven crack in the paved surface of its service station parking lot, and whether Landrum exercised ordinary care for her own safety when she tripped and fell on the uneven crack. We agree and reverse the trial court's grant of summary judgment.

"Summary judgment is appropriate when the court, viewing all the facts and evidence and reasonable inferences from those facts in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case." (Citations omitted.) *Rubin v. Cello Corp.*, 235 Ga. App. 250, 251 (510 SE2d 541) (1998). On appeal of a grant of summary judgment, we must review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of material facts remain and that the party was entitled to judgment as a matter of law. Id. at 250.

Viewing the evidence in the light most favorable to Landrum, as the non-movant in this case, the record shows that on the day she was injured, Landrum had stopped at Enmark's service station to purchase gasoline for her car, intending to use her credit card to pay at the gasoline pump. Upon exiting her vehicle, Landrum noticed a sign indicating that the pump was not currently accepting credit cards and that customers could purchase gasoline by prepaying for it inside the service station store. Accordingly, Landrum walked away from her vehicle, across the parking lot, and into the service station store to prepay for her gasoline. When she finished paying, Landrum began to walk back to her vehicle; her return route across the

parking lot was slightly different from the one Landrum had originally taken on her way into the service station store. Before Landrum reached her car, however, the toe of her shoe caught on an uneven crack in the surface of the paved parking lot, causing Landrum to fall and injure herself. Landrum testified that she had not seen the crack in the pavement before she tripped; despite it being a clear, sunny day, Landrum stated that the crack was the same color as the surrounding asphalt and blended into the surface of the parking lot.

Landrum subsequently filed the underlying lawsuit against Enmark, seeking to recover the damages she allegedly sustained as a result of her trip and fall. Enmark filed a motion for summary judgment, which the trial court granted, concluding that Landrum failed to establish "Enmark's superior knowledge of the dangerous condition."

To prove negligence in a premises liability action that is based upon a trip and fall claim, an invitee must plead and prove two specific elements: "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the defendant." (Punctuation and footnote omitted.) *Jackson v. Waffle House*, 245 Ga. App. 371, 373 (1) (537 SE2d 188) (2000) (citing *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (493 SE2d 403) (1997)); see also *American Multi-Cinema v. Brown*, 285 Ga. 442, 444 (2) (679 SE2d 25) (2009).

1. The trial court concluded that Enmark was not put on notice of a dangerous condition in its parking lot because there was no evidence that other customers had tripped or fallen as the result of the crack. We disagree, however, that the record supports judgment as a matter of law on the issue of Enmark's knowledge/notice of the uneven crack in its service station parking lot.

A property owner's duty to use ordinary care toward making its premises safe for its customers "includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises." (Footnote omitted.) *Jackson*, 245 Ga. App. at 373 (1). Thus, in the absence of evidence showing actual knowledge on the part of the owner, an invitee may still establish the first element of her trip and fall claim through proof of the owner's *constructive knowledge* of the hazard. See, e.g., *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 747-749 (1) (527 SE2d 36) (1999) (analyzing the existence of constructive knowledge where the invitee "presented no evidence that [the owner] had actual knowledge of the hazard which caused her fall"); *Avery v. Cleveland Avenue Motel*, 239

Ga. App. 644, 645 (2) (521 SE2d 668) (1999) (analyzing the invitee's slip and fall claim based upon the property owner's constructive knowledge of the alleged defect).

"Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure." (Punctuation and footnote omitted.) *Shepard*, 241 Ga. App. at 748 (1). Here, Enmark argues that "there is nothing in the record for [Landrum] to show that inspections were *not* done; the record is devoid of discovery on this subject." However, in order for an owner to *prevail* on summary judgment based on the lack of constructive knowledge, the burden is upon the owner to "demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." (Punctuation and footnote omitted.) Id.; accord *Avery*, 239 Ga. App. at 646 (2) (finding that property owner was not entitled to summary judgment where it failed to sufficiently establish that procedures were in place to inspect the alleged defect).

Here, as Enmark itself concedes, the record reflects no evidence whatsoever as to what inspection procedures, if any, were utilized by Enmark. Given Enmark's failure to sufficiently establish that procedures were in place to inspect its parking lot, it is not entitled to summary judgment on this issue. To the contrary, a material issue of fact remains as to whether Enmark had constructive knowledge of the crack in the parking lot of its service station. Accord *Murray v. Fitzgerald Convenient Centers*, 239 Ga. App. 799, 802 (1) (b) (521 SE2d 915) (1999) (finding material issues of fact remained as to whether the store owner had constructive knowledge of the hazard on its property where the store presented no evidence that it performed reasonable inspections of the hazards in question).

2. The trial court also determined that the record reflected no basis as to why Landrum could not have seen the crack and concluded that because the crack was obvious, Enmark was relieved of any duty to warn Landrum. We disagree that these grounds entitle Enmark to judgment as a matter of law on the matters of Landrum's knowledge and whether she exercised ordinary care for her own safety in detecting and avoiding the hazard posed by the uneven crack in the parking lot.

Enmark argues, and the trial court agreed, that the crack in the parking lot pavement was a static defect.[1] Even if we were to make this assumption, however, questions of fact still remain regarding

---

[1] We have defined a static condition as "one that does not change and is dangerous only if someone fails to see it and walks into it." (Footnote omitted.) *Bullard v. Marriott Intl.*, 293 Ga. App. 679, 681 (2) (667 SE2d 909) (2008).

Landrum's knowledge.[2] "It is a plaintiff's knowledge of the *specific* hazard which precipitates the [trip] and fall which is determinative, not merely her knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which plaintiff observes and avoids." (Punctuation and footnote omitted.) *Jackson*, 245 Ga. App. at 374 (2). Accordingly, a person is presumed to have knowledge of a static defect only when she has successfully negotiated the alleged dangerous condition on a previous occasion. *Bullard v. Marriott Intl.*, 293 Ga. App. 679, 681 (2) (667 SE2d 909) (2008).

Here, Enmark asserts that "[i]t is uncontroverted that [Landrum] was a *frequent* and long-standing customer." Enmark points to no evidence, however, showing that Landrum had previously encountered or successfully negotiated the area of the parking lot where the crack was located. Indeed, while Landrum admits that she has frequented Enmark's service station to purchase gasoline at least twice a month since 2003, she also claims that she did not usually go inside the service station store because she paid for gasoline by swiping her credit card at the pump. Moreover, on the day that Landrum was injured, the return route she took when walking back to her vehicle was different from the one she had originally traversed when entering the service station store. Accord *Bullard*, 293 Ga. App. at 682 (2) (finding an invitee was not familiar with the portion of a brick walkway where she was injured, despite using it numerous times, when she presented evidence that her fall occurred after she left through a door she did not generally use, and she walked down a portion of the brick path that was not familiar to her). While it is certainly conceivable that Landrum may have taken this same return route lot sometime during her frequent trips to Enmark's service station, there is no evidence establishing when Landrum may have done so or whether the uneven crack at issue had existed on such prior occasions. See id. Consequently, the evidence does not demand a finding that Landrum had knowledge of the uneven crack in the pavement. Accord id. ("[R]egardless of whether [the invitee] had some knowledge of uneven bricks in the area she typically used, the evidence does not demand a finding that she had encountered or successfully negotiated the substantially raised brick that caused her fall."); *Jackson*, 245 Ga. App. at 374 (2) (finding that

---

[2] Moreover, the characterization of an alleged hazard as

a static condition, ostensibly open and obvious, cannot automatically absolve the owner/occupier from liability, if any, from its failure to exercise ordinary care to keep the approaches safe. To do so would relegate a business patron to a licensee status by requiring the patron to be on the alert to discover and avoid defects in the approaches. We do not understand this to be the law in trip and fall cases.

(Punctuation and footnotes omitted.) *Jackson*, 245 Ga. App. at 374 (2).

the evidence did not demand a finding that an invitee had constructive notice of a cavity, caused by uneven and unrepaired condition of the property owner's parking lot; although the invitee had traversed the parking lot many times over the years, she denied she had ever previously traversed the specific area of the parking lot containing the cavity).[3]

We further find that factual questions remain as to whether Landrum should have seen the crack before she tripped over it. Landrum testified that on the day she fell, she was not able to see the uneven crack in the pavement as it was the same color and shading as the surrounding parking lot pavement. We cannot therefore conclude as a matter of law that Landrum's failure to see the crack was unreasonable or showed a lack of ordinary care. Accord *Bullard*, 293 Ga. App. at 682 (2) (noting the invitee's assertion that she did not see the hazard prior to her fall and refusing to "conclude that, as a matter of law, [the invitee's] failure to see the raised brick was unreasonable or showed a lack of ordinary care").

Given that the foregoing questions of fact still remain in this case, the trial court erred in granting summary judgment to Enmark.

*Judgment reversed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 20, 2011 — 

*Noble L. Boykin, Jr.,* for appellant.
*Forbes, Foster & Pool, Morton G. Forbes,* for appellees.

---

[3] Cf. *James v. Sirmans*, 299 Ga. App. 262, 263 (683 SE2d 354) (2009) (presuming invitee to have knowledge of hazard only where the evidence showed invitee had successfully negotiated the alleged dangerous condition on previous occasions); *Nemeth v. RREEF America, LLC*, 283 Ga. App. 795, 797-798 (1) (643 SE2d 283) (2007) (presuming invitee to have knowledge of an uneven and unstable surface of a patio where the invitee had already successfully traversed that same specific area of the patio).