## A93A0041. TENNISON v. LOWNDES-ECHOLS ASSOCIATION FOR RETARDED CITIZENS, INC. et al.

(433 SE2d 344)

BLACKBURN, Judge.

The appellant, Billy James Tennison, brought this negligence action against the appellees, Lowndes-Echols Association for Retarded Citizens, Inc. d/b/a South Georgia Industries and LARC Services (LARC), and Tim Crown, an employee of Lowndes-Echols Association for Retarded Citizens, Inc., as a result of injuries that he sustained while assisting Crown unload a bundle of lumber. LARC and Crown responded, asserting several defenses, including contributory negligence and assumption of the risk. After discovery was commenced, LARC and Crown moved for summary judgment, and the motion was granted. This appeal followed.

On March 28, 1990, Tennison was employed by Moore Lumber Company. At approximately 10:00 a.m., he arrived at LARC's premises for the purpose of delivering lumber. Tennison noticed that Crown was experiencing difficulty lifting the pallets of lumber from the flatbed truck driven by Tennison onto a forklift as the lifts were too small. It is undisputed that Tennison voluntarily climbed onto the truck and stood on top of a 14-foot bundle of lumber that Crown attempted to unload from the truck in an effort to assist Crown with the load. While on top of the pallet of lumber, Tennison took a two by four and attempted to move the lumber onto the forklift. Crown subsequently tilted the forks of the forklift upward, which caused the bundle of lumber to shift. Tennison was on top of the pallet of lumber at the time, and the forklift overturned. Thereafter, Tennison fell to the ground. Both the forklift and lumber fell on top of Tennison, resulting in injuries to his right arm and wrist, head and back.

Tennison has admitted that he was aware of the possibility that the load of lumber could shift and has conceded that approximately four weeks earlier, he saw the same forklift overturn while one of LARC's employees attempted to unload a bundle of lumber. Tennison further acknowledged that he was aware of the risk involved in climbing on the pallet of lumber and aware of the possibility that the pallet of lumber could fall.

In both of Tennison's enumerations of error, he contends that the trial court erred in granting summary judgment in favor of LARC and Crown because there are several issues of material facts that remain to be decided by a jury. We disagree.

" 'The defense of assumption of the risk requires (1) that the plaintiff had some actual knowledge of the danger; (2) that (he) understood and appreciated the risk therefrom; and (3) that (he) voluntarily exposed (himself) to that risk. [Cit.]' [Cits.] ' "In its simplest and primary sense, assumption of risk means that the plaintiff, in ad-

vance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone." [Cit.] "In by far the greater number of cases, the consent to assume the risk has not been a matter of express agreement, but has been found to be implied from the conduct of the plaintiff under the circumstances." [Cits.]' [Cit.]" *Stallings v. Cuttino*, 205 Ga. App. 581, 582 (1) (422 SE2d 921) (1992). " 'Although issues of negligence, lack of care in avoiding the negligence of others, lack of care for one's own safety, and assumption of the risk are ordinarily not susceptible to summary adjudication . . . where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion the issue of assumption of risk may be determined on summary judgment.' [Cit.] 'The business invitee on private premises assumes the risk of danger of which he knows . . . and fully comprehends, or which is sufficiently obvious. . . .' [Cit.]" *Taylor v. Bloodworth*, 198 Ga. App. 186, 187 (400 SE2d 691) (1990).

Pretermitting the issue of whether Crown was negligent in his operation of the forklift, Tennison knew of the danger of climbing on top of a 14-foot stack of lumber, acknowledged the risk of the possible shifting of the lumber and that the forklift could tilt over, and voluntarily exposed himself to that known risk of danger. It is undisputed that he voluntarily climbed on top of the pallet of lumber knowing that the forklift was too small to unload the pallet. Although Tennison contends that *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822 (409 SE2d 524) (1991), demands the denial of LARC and Crown's motion for summary judgment, we disagree. In *Beringause*, this court found that a jury charge on the assumption of the risk doctrine was inappropriate where the decedent did not have knowledge of the danger of the oncoming truck which struck him while he was traveling in his own lane. Unlike Tennison, the decedent in *Beringause* did not intelligently acquiesce in the risk of the danger of the approaching truck, but simply failed to exercise ordinary care to discover it. As a result, the doctrine of contributory negligence, not assumption of the risk, was applicable. Id. at 824. See also *Mann v. Anderson*, 206 Ga. App. 760, 763 (2) (426 SE2d 583) (1992).

We conclude that this is a plain, palpable and indisputable case not calling for jury resolution as noted in *Stallings*, supra, based upon Tennison's voluntary assumption of a known risk of danger. Accordingly, summary judgment adjudication was proper.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

Decided June 17, 1993 —
Reconsideration denied July 8, 1993 — 

*Sims, Fleming & Swan, John S. Sims, Jr., James M. Walker III,* for appellant.

*Tillman, McTier, Coleman, Talley & Newbern, George T. Talley, Edward F. Preston,* for appellees.