### A97A0205. STOUT v. RESTAURANT CONCEPTS, INC.
(487 SE2d 636)

BIRDSONG, Presiding Judge.

Gail Stout appeals the trial court's grant of summary judgment to Restaurant Concepts, Inc., d/b/a Applebee's Neighborhood Grill & Bar, in her slip and fall case. Her complaint alleged that when she "left her table which was located in a dimly lit and elevated dining area which could only be exited by traversing a three step tier approximately three feet across," and "moved from the last step to the floor level, in one motion both of her feet went out from under her and she fell to the masonry floor and landed in a wet, greasy puddle that was concealed in the darkness." Stout further alleged that as she fell she reached out to grab hold of a handrail but was unable to do so because of plants that prevented her from grabbing the railing.

Applebee's answered denying liability and later moved for summary judgment. The motion contended Applebee's had no knowledge of any foreign substance on its floor, Stout did not know what caused her fall, and Stout failed to exercise ordinary care for her own safety. Applebee's motion was supported by Stout's deposition and the affidavits of two of Applebee's employees.

In response to the motion, Stout contended that she was watching where she was walking and that she slipped in grease on the floor. Her contentions were supported by her affidavit and that of her husband. Mr. Stout's affidavit stated that while he did not see his wife fall, he heard the commotion and helped her up. After she got up, he saw a grease spot on the floor and saw employees of Applebee's cleaning up the spot where his wife fell.

The affidavits of both Stouts stated that during the approximately 45 minutes it took for them to eat dinner, the steps were in plain view of their table, and they did not see any of Applebee's employees "bend over and inspect the floor" or "bend over or look closely at the floor" in the area where Stout fell. Mr. Stout further stated that before his wife's fall, food was continuously carried over

the steps to the area where they were seated.

The affidavit of the Applebee's manager on duty that night stated, however, that she had "walked and inspected the entire restaurant" and went into the kitchen for about five minutes when she came out and saw Stout being assisted to her feet. She stated that the steps where Stout fell are wooden with non-skid safety strips and that the floor at the bottom of the steps is tile. She also stated that Applebee's has a policy for inspecting and cleaning the premises by the manager, waiters, and waitresses, "constantly monitoring for potentially dangerous conditions, cleaning up, picking up and Hoky-ing/sweeping the floor as needed." She further stated that this policy was in effect and implemented the night Stout fell as she had visually inspected and monitored the floor throughout the evening. Additionally, as part of the Applebee's closing procedures, the area had been inspected and cleaned within twenty minutes of Stout's fall, and the manager had again inspected the area about five minutes before Stout fell. The manager further stated that after Stout's fall she again inspected the area and did not see any foreign substance or debris on the floor; the floor was not wet or greasy.

Another Applebee's employee also provided an affidavit which stated that on the evening in question he had been waiting tables in the area where Stout was sitting, and within five minutes of the time she fell he had walked through the area, visually inspected it, and saw nothing on the floor. He also confirmed the manager's affidavit concerning the implementation of Applebee's inspection and cleaning program that night.

After the trial court granted Applebee's motion, Stout filed this appeal. On appeal she contends the trial court erred by granting summary judgment because genuine issues of material fact remain for trial. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843).

2. The standard of proof necessary to establish liability on the part of a proprietor in slip and fall cases involving foreign substances on floors is set forth in *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327). "In *Alterman Foods*, the Supreme Court reiterated that to prevail, a plaintiff must show that the owner or proprietor was aware of the substance or would have known of its presence had he exercised reasonable care. Thus it is said that only when the perilous

instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. Normally a proprietor is permitted a reasonable time to exercise care in inspecting the premises and maintaining them in a safe condition. However, the proprietor is under no duty to continuously patrol the premises in absence of facts showing that the premises are unusually dangerous. Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive. In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard." (Citation and punctuation omitted.) *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824, 826-827 (2) (482 SE2d 720).

Thus, to state a cause of action in this case Stout was required to show (1) that Applebee's had actual or constructive knowledge of the foreign substance and (2) that she was without knowledge of the substance or for some reason attributable to Applebee's she was prevented from discovering the foreign substance. *Alterman Foods*, supra at 623. Although Stout arguably established that she was without knowledge of the substance on the floor, her proof did not establish that Applebee's had actual or constructive knowledge of any substance on the floor. Consequently, she failed to carry her burden on this essential element of her claim (*Moore v. Food Assoc.*, 210 Ga. App. 780, 782 (437 SE2d 832)), and her claim must tumble like a "house of cards." *Lau's Corp. v. Haskins*, supra at 491.

3. Moreover, although Applebee's was not required to prove that it did not have superior knowledge of any substance on the floor (*Lau's Corp.*, supra at 495; *Coffey v. Wal-Mart*, supra at 827-828), Applebee's nevertheless carried that burden with the affidavits from its employees who stated that they had inspected the area shortly before Stout fell and saw no substance on the floor and that there was no employee in the area at the time of her fall. The evidence from the Stouts that they saw no one bend over and look at the floor does not contradict the evidence from Applebee's employees that they had visually inspected the floor, because neither witness contended that they had bent over while they made their inspection.

Additionally, while not central to our disposition of this case, the affidavits of both Stouts that asserted that Stout slipped and fell on a grease spot are inconsistent with Stout's deposition testimony that she never did figure out what was on the floor, that she did not know what caused her to fall, and that she saw grease only on her hand, but she did not see any grease on the floor. Further, Stout's affidavit that she had a grease spot on her skirt is also contradicted by her deposition testimony that the grease was on her hand and not on her

skirt and she does not know what the spot on her skirt was. Accordingly, this unexplained contradictory evidence is subject to the rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). *Sandifer v. Long Investors*, 211 Ga. App. 757 (1) (440 SE2d 479).

Under these facts, Stout failed to carry her burden in responding to Applebee's motion for summary judgment, and the trial court did not err by granting judgment for Applebee's.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED JUNE 5, 1997 —
RECONSIDERATION DISMISSED JUNE 25, 1997.

*Calvin A. Rouse*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Emory S. Mabry III, Robert M. Malcom*, for appellee.