A97A1733. NICHOLSON et al. v. PIKE NURSERIES, INC.
(494 SE2d 214)

Judge Harold R. Banke.

Sylvia Nicholson and James A. Nicholson filed a rainy day slip and fall action against Pike Nurseries, Inc. ("Pike").[1] Enumerating three errors, they appeal the summary judgment awarded to Pike.

Reviewed in a light most favorable to the Nicholsons, the evidence was as follows. *McGonagil v. Treadwell*, 216 Ga. App. 850, 853 (1) (456 SE2d 260) (1995). On a rainy afternoon, while Sylvia Nicholson was shopping at a Pike's nursery, she decided to go to the house plant section located in a connecting building. As Nicholson proceeded to the house plant section, she noticed that rain was dripping from the corrugated plastic roof onto the concrete ramp which she traversed. When she initially walked up the ramp, she observed a puddle to one side. Nicholson admitted that she was aware of the presence of a drainage grate positioned at the bottom of the ramp to drain water because the area periodically got wet. After Nicholson completed her shopping in that section and began to proceed down the same ramp, she knew that the rain outside had become a downpour and could see that more water was dripping onto the ramp. As she recrossed the same ramp, she purportedly slipped and fell. Nicholson claimed that when she fell she was exercising reasonable care and made no assertion that she was distracted.

It is undisputed that Pike knew that its corrugated plastic roof sometimes leaked during heavy rains. However, Pike's manager, Elliot Stockard, testified that in his six years' of experience no falls had occurred on the ramp despite the fact that the roof had remained substantially unchanged. Stockard testified that the surface of the ramp was rough concrete and not slippery. The trial court determined that the Nicholsons' recovery was barred by Sylvia Nicholson's equal knowledge of the condition of the ramp. The Nicholsons appeal. *Held*:

1. The Nicholsons claim that the trial court erred in failing to consider certain key facts, misapplying the same, and adding a fact not in the record. They contend that Pike had superior knowledge of the hazard which they describe as the "infamous cement ramp." They claim that Pike breached its duty to warn of an unsafe condition. We disagree.

By statute, a proprietor has a duty to exercise ordinary care in keeping its premises and approaches in a reasonably safe condition. OCGA § 51-3-1. However, a property owner is not an insurer of the safety of its invitees. *Pound v. Augusta Nat.*, 158 Ga. App. 166 (279

---

[1] James A. Nicholson sued for loss of consortium.

SE2d 342) (1981). The mere showing of the occurrence of an injury does not create a presumption of negligence. Rather, the true ground of liability is the owner's or occupier's superior knowledge of the hazard and the danger therefrom. *Cook v. Home Depot*, 214 Ga. App. 133, 134 (1) (447 SE2d 35) (1994).

In this case, in order to recover, Nicholson would have to show that Pike had actual or constructive knowledge of the hazard and that she lacked knowledge of that hazard or was prevented by Pike from discovering it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980); *Hudson v. Quisc, Inc.*, 205 Ga. App. 840 (424 SE2d 37) (1992). Nicholson made no claim that Pike distracted her or that anything obstructed her view. By her own admission, Nicholson saw the rainwater dripping onto the ramp. Because her knowledge of the wet floor was at least equal to that of Pike's, her recovery was foreclosed. *Bruno's, Inc. v. Pendley*, 215 Ga. App. 108, 109 (449 SE2d 637) (1994).

Further, when a person has successfully negotiated an allegedly dangerous condition on a prior occasion, that person is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting therefrom. *Souder v. American Family Restaurants*, 210 Ga. App. 291, 292 (1) (435 SE2d 764) (1993); *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). Inasmuch as Nicholson had successfully traversed the allegedly hazardous ramp just minutes before and knew that rainwater was dripping onto the ramp, the trial court did not err in granting summary judgment to Pike. *Souder*, 210 Ga. App. at 292 (1).

2. In light of our determination in Division 1, we need not reach the Nicholsons' remaining enumerations of error.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 29, 1997 —
RECONSIDERATION DENIED NOVEMBER 25, 1997 — ▮▮▮▮▮▮

*Lefco & Blumenthal, Stanley M. Lefco*, for appellants.
*Dermer & Black, Stephen F. Dermer*, for appellee.