## A00A0205. LEE v. FOOD LION.
(534 SE2d 507)

SMITH, Presiding Judge.

Bessie S. Lee filed a premises liability action against Food Lion, alleging she tripped and fell on a store entrance doormat. The trial court granted Food Lion's motion for summary judgment, finding "under these circumstances the trier of fact would not be authorized to conclude that defendant could be charged with superior knowledge of the condition which allegedly injured plaintiff." We agree with the trial court's determination and affirm.

Lee contends the trial court failed to construe the evidence in her favor and that genuine issues of material fact precluded summary judgment. We find otherwise as to both contentions.

When viewed in the light most favorable to the nonmovant, the evidence showed that on January 23, 1996, just as Lee entered the

door into the Food Lion lobby, she suddenly fell. Because Lee had not looked down, she was unable to describe the condition of the mat before she fell. After she fell, she noticed that about an inch of the mat was not completely inside the lobby door. While down on the floor, she noticed the mat was flat and none of its edges were curling or sticking upward. According to Lee, "I can't tell you what foot got hung in the rug. Only thing that I can tell you, that I fell on the rug; that's the only thing that I can tell you. I couldn't tell that — I don't know how it happened. I mean, I know I got tangled in the rug and fell."

Food Lion offered evidence that its employees had conducted regular inspections of the entry area. Randy Cameron, the store manager on duty that day, testified that he had inspected the area of the alleged fall about 30 minutes before the incident which occurred about 12:25 p.m. Cameron testified that he did not see any "tears or folds in the mat" or notice any misplacement of the mat at issue. Phyllis Sharpe, an employee, had also inspected the same mat. Sharpe testified that about an hour before the incident when she left the store to make a phone call, she had not observed any defect in the mat. Gary Corbin, a market manager, who was also working on the day of the incident, testified that he inspected the same mat as he left the store for lunch. Corbin testified that when he saw the mat about ten or fifteen minutes before Lee entered, the mat was neither defective nor mispositioned. Sharpe testified that store policy required employees "to maintain a continuous lookout for spills and other hazardous conditions so that immediate corrective action can be taken." These employees testified that they would have taken immediate remedial action if a defect had been found.

An owner or occupier of land has a statutory duty to keep its approaches and premises in a reasonably safe condition. OCGA § 51-3-1. But an owner or occupier of land is not an insurer of the safety of its invitees. *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167 (279 SE2d 342) (1981). The mere occurrence of an injury does not create a presumption of negligence. *Wilson v. Duncan*, 211 Ga. App. 814, 815 (440 SE2d 550) (1994).

> The owner/occupier is not required to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.

(Citations omitted.) *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (493 SE2d 403) (1997). The true basis of liability is the owner/occupier's superior knowledge of the existence of a defective or hazardous condition. Id. at 736; *Edwards v. Ingles Market*, 234 Ga. App. 66, 67 (506 SE2d 205) (1998). When a defendant's knowledge of the hazard or defect is equal to or less than that of the plaintiff, then the defendant is entitled to summary judgment as a matter of law. *Pierce v. Wendy's Intl.*, 233 Ga. App. 227, 230 (2) (504 SE2d 14) (1998); *Nicholson v. Pike Nurseries*, 229 Ga. App. 540 (494 SE2d 214) (1997).

In this case, the evidence is undisputed that Food Lion lacked actual knowledge of any purported misplacement or mispositioning of the mat, even assuming arguendo that the mat protruded slightly across the threshold as Lee speculated after she fell.[1] Compare *Jet Food Stores v. Kicklighter*, 226 Ga. App. 552 (1) (487 SE2d 120) (1997) (physical precedent only) (summary judgment foreclosed by store's knowledge that its mats were susceptible to folding, bunching, rolling, and shifting). No evidence was offered to create a factual issue as to whether the mat itself was defective and created a hidden, camouflaged, or intrinsically unsafe situation. Compare *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884 (476 SE2d 631) (1996) (plaintiff offered evidence that floor mat was in a defective condition with a tear and a curled corner). This case therefore turns on whether constructive knowledge of the alleged hazard could be imputed to Food Lion. *Whatley v. Nat. Svc. Indus.*, 228 Ga. App. 602, 604 (1) (492 SE2d 343) (1997).

Constructive knowledge can be established in two ways. First, constructive knowledge can be demonstrated by showing that an employee was positioned in the immediate vicinity and had the opportunity and means to discover and remove the hazard. *Lovins v. Kroger Co.*, 236 Ga. App. 585, 586 (1) (b) (512 SE2d 2) (1999). Here, Food Lion's evidence showed that no employees were present in the lobby area and that the entrance mats were not visible to employees working inside the store. See *Super Discount Markets v. Clark*, 213 Ga. App. 132, 134 (443 SE2d 876) (1994).

Second, constructive knowledge may be shown by evidence that the alleged hazard was present for such a length of time that it would have been discovered had the proprietor exercised reasonable care in inspecting the premises. *Lovins*, supra. But here, Food Lion's evi-

---

[1] Lee apparently surmised that the mat must have been out of position even though she did not notice its placement before she fell. Since no evidence showed that Food Lion had superior knowledge of the alleged hazard, we need not reach the issue of Lee's reliance on conjecture and speculation as to the actual cause of her fall. See *Christopher v. Donna's Country Store*, 236 Ga. App. 219, 220 (511 SE2d 579) (1999); *Head v. Sears Roebuck & Co.*, 233 Ga. App. 344, 345 (503 SE2d 354) (1998).

dence showed that an employee had inspected the lobby area just ten or fifteen minutes before the fall and found no problem with the entrance mats. Even assuming arguendo that the mat was slightly askew, Lee did not sustain her burden of producing some evidence that the alleged hazard existed for a sufficient amount of time that Food Lion could have discovered and corrected it. Summary judgment was properly granted. *Stout v. Restaurant Concepts*, 227 Ga. App. 41, 43 (2) (487 SE2d 636) (1997); *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824, 828 (2) (482 SE2d 720) (1997).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 4, 2000.

*Francis L. Morris, Jr.,* for appellant.

*Howard & Whatley, Thomas G. Whatley, Jr., John C. Adams,* for appellee.