A02A2026. DEVOTIE et al. v. TURNER ARENA OPERATIONS, INC.
(576 SE2d 7)

ELLINGTON, Judge.

James and Christine Devotie appeal from the trial court's grant of summary judgment to Turner Arena Operations, Inc. in this personal injury suit and its derivative loss of consortium claim. Finding no error, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation and punctuation omitted.) *Costrini v. Hansen Architects,* 247 Ga. App. 136 (543 SE2d 760) (2000). See also *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). "A grant of summary judgment must be affirmed if it is right for any reason." (Citation and punctuation omitted.) *Costrini v. Hansen Architects,* 247 Ga. App. at 138 (1).

Viewed in this light, the evidence of record shows that James Devotie was a 37-year-old man with extensive work experience in building construction. On September 27, 1999, Devotie and his 13-year-old son attended a World Championship Wrestling "Monday

---

Night Nitro" wrestling event at Philips Arena in Atlanta. They arrived at the arena at approximately 7:30 p.m. for the 8:00 p.m. event. After finding their seats in Section 111, Devotie's son noticed that his seat was unsteady. Devotie checked under the seat and realized that it was not bolted to the floor. Immediately after trading seats with his son, Devotie felt the seat move forward and had to catch his balance to keep from falling. He alerted an usher because he felt the seat was "unsafe" and that someone might fall over in it. Devotie showed the usher that the seat was not fastened to the floor by picking up and "wobbling" the chair. The usher told Devotie that she would notify her supervisor. Devotie sat in the chair for approximately another hour before the supervisor arrived. Again, Devotie picked up the seat to show the supervisor that it was not attached to the floor. According to Devotie, the supervisor told him to wait "a little while" for people to get to their seats and then to "feel free to move to another [empty] seat." Devotie deposed that he did not see other available seats, but admitted that he did not look beyond his section to see if seats in other sections were available. Devotie deposed that he may have moved if he could have found a "better seat," in other words, one with better visibility of the event, because he "wasn't in the best of viewing areas." He stated that he may have felt "more comfortable" and "safer" in a more stable seat. Notably, the facility ticket manager demonstrated in two affidavits that numerous seats were available in Section 111, as well as in surrounding sections.

Approximately an hour after Devotie talked to the supervisor (and at least two hours after Devotie first sat in the seat), Devotie was sitting with at least one of his feet propped on the seat in front of him when he leaned over to talk to his son. The seat suddenly shifted backward and the back "collapsed" onto Devotie. Devotie fell forward onto the floor. Embarrassed, he got up and sat back down in the seat to watch the rest of the event, which ended approximately 20 minutes later. Devotie did not remember feeling pain immediately after the fall. He also stated that he had no other problems with the seat before or after the fall. Devotie left the arena after the event without notifying an arena employee of his fall. After arriving home, he began to suffer symptoms of knee and back injuries.

On June 7, 2000, he sued Turner Arena Operations ("Turner"), Atlanta Fulton County Recreation Authority, and World Championship Wrestling, Inc. for his injuries. Following discovery, Turner filed a motion for summary judgment based upon the doctrines of assumption of the risk, equal knowledge, and comparative negligence. The trial court conducted a hearing, but the transcript is not in the record. The trial court granted Turner's motion for summary judgment, and the Devoties appeal.

1. Devotie contends the trial court erred in granting summary judgment to Turner. In order to survive a motion for summary judgment when there was evidence of his own negligence, however, Devotie had to demonstrate that Turner's knowledge of the hazard was superior to his own. *Gaines v. Ingles Markets*, 241 Ga. App. 302, 304 (2) (524 SE2d 766) (1999); see also *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). The plain, palpable, and undisputed evidence in this case clearly demonstrates that Devotie knew that the unstable, unbolted seat was unsafe. There is simply no question as to whether this knowledge of the hazard was equal or even superior to that of Turner. Accordingly, the trial court did not err in granting summary judgment to Turner.

2. Further, even if the evidence was disputed regarding whether Turner possessed superior knowledge of the hazard, the evidence clearly demonstrates that Devotie assumed the risk of his injuries.

> Although assumption of the risk is ordinarily not susceptible to summary adjudication, where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, summary judgment is appropriate. To show assumption of the risk, the defendant must present evidence that the plaintiff had (1) actual knowledge of the danger, (2) understood and appreciated the risks, and (3) voluntarily exposed [himself] to that risk.

(Footnotes omitted.) *Gaines v. Ingles Markets*, 241 Ga. App. at 303 (1); see also *Tennison v. Lowndes-Echols Assn. for Retarded Citizens*, 209 Ga. App. 343, 344 (433 SE2d 344) (1993) (plaintiff's assumption of risk can be implied from facts which showed he was aware of the risk that the load of lumber upon which he was standing could suddenly shift and cause him to fall). In this case, Devotie repeatedly acknowledged that he knew the seat was unbolted and "wobbling" and that he believed the seat was unsafe because it might suddenly shift. Yet, although given the opportunity to move to another seat, he continued to watch the event from this seat, even propping up his foot and leaning to the side, until the seat slipped out from underneath him. We find as a matter of law that Devotie knowingly and voluntarily assumed the risk that the seat would shift and that he might fall, which is precisely what occurred. Therefore, he is precluded from recovering for his injuries. See *Gaines v. Ingles Markets*, 241 Ga. App. at 303 (1).

3. Pursuant to our decision in Divisions 1 and 2, supra, we do not reach the issue of whether Devotie was also precluded from recovery based upon the affirmative defense of comparative negligence. See OCGA § 51-11-7.

4. The trial court properly granted summary judgment on Christine Devotie's claim for loss of consortium because the claim was derivative of James Devotie's suit.

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 3, 2002 —
RECONSIDERATION DENIED JANUARY 7, 2003 — 

*Mozley, Finlayson & Loggins, Robert M. Finlayson II, Dondra S. Bass,* for appellants.

*Drew, Eckl & Farnham, Robert L. Welch, John P. Reale, James L. Creasy III,* for appellee.