A05A0139. SONES v. REAL ESTATE DEVELOPMENT GROUP, INC. et al.

(606 SE2d 687)

ELDRIDGE, Judge.

This is an appeal from the grant of summary judgment to Real Estate Development Group, Inc., Govinbeai (George) Patel, and Autel Patel from an active negligence personal injury action by Christopher Sones on the theories of OCGA §§ 51-1-2 and 51-3-1. Tort liability under either OCGA § 51-1-2 or § 51-3-1 is barred when the plaintiff with actual knowledge and subjective appreciation of the risk undertakes an obvious danger from the employee's negligence.

As of February 19, 2001, there existed in the trial court a dispute as to the status of Christopher Sones, Nick Rauxet, Michael Smith, and Christopher Dixon, whether they were employees of the defendants or were independent contractors doing work at Red Roof Inn motel and rebuilding a billboard at Sundown Lodge motel. In January 2001, Sones, Rauxet, and the other two were employed to work at Red Roof. Red Roof was owned by AV Investments, a nonparty, and both Patels had an ownership interest in the Red Roof project. Real Estate Development owned Sundown Lodge, where the workers stayed at night. During the day they worked at Red Roof and at night they worked at Sundown rebuilding a billboard. The Patels are alleged to have supervised the work at both locations.

While working at the Red Roof project, George Patel negotiated with Sones that for $1,000 for his labor, as an independent contractor, Sones would rebuild the billboard and Patel would furnish the materials. Patel furnished the lift. Two nights' work occurred prior to the injury.

On February 21, Sones and Dixon were in a box/wooden platform being lifted by a Telehandler forklift operated by Rauxet at the Patels' request. Rauxet was paid $100 by George Patel to operate the forklift that day. Patel shut off the power to the outside lights so that the men could work on the billboard in proximity to the power lines; there was no alternative lighting source rigged by Sones or the other men. Therefore, the defendants were aware that the power was cut off. The tools, equipment, and working conditions were under the control of Sones and the other men, who could have set up lights if they were needed. The forklift had a wooden platform sitting on, but not

attached to, the forks that the men stood on while being lifted into place. Rauxet was instructed by Sones to raise the platform higher, and he hit the wrong button. Rauxet negligently operated the forklift so that it tilted, throwing Sones and Dixon off the platform 15 feet to the ground. Rauxet had never previously operated this type of forklift.

Dixon filed a workers' compensation claim but Sones did not; instead, he brought this lawsuit.

The trial court denied summary judgment as to whether or not Rauxet was an independent contractor or employee of the defendants; therefore, for purposes of this appeal, Rauxet must be considered to be the employee of the defendants. The trial court granted summary judgment on the basis of assumption of the risk. Further, the trial court found that there was no negligence per se for violating OSHA regulations.

1. Sones contends that the trial court erred in finding that assumption of the risk barred liability under both OCGA §§ 51-1-2 and 51-3-1.

On February 21, at 6:00 p.m., Sones went to work on the billboard in the dark, because the power had been cut off so that work could be done on the billboard near hot power lines. The lack of lights in the area had existed on the two prior nights that they had worked.

The makeshift work platform had no sides, guard rail, or safety line and was not secured to the forks. Neither Sones nor Dixon was tied off to avoid a fall. Being lifted on a makeshift wooden platform not fixed to the forks of the forklift entailed an open and obvious risk that the platform could move up, down, or sideways, causing the men to lose their balance without having a means to recover with sides, a guard rail or a safety line; further, Sones also knew that he was not tied off as a safety precaution. Further, after two nights of work, this was the second time that Rauxet had worked with them at night operating the forklift.

Assumption of the risk is a defense to any theory of negligence, whether ordinary negligence or owner/occupier liability. Assumption of the risk applies to owner and occupier liability to an invitee who is an independent contractor and who knows the danger on the premises regarding his work under OCGA § 51-3-1. *Amear v. Hall*, 164 Ga. App. 163, 169 (296 SE2d 611) (1982).

> The affirmative defense of assumption of the risk bars a plaintiff from recovering on a negligence claim if it is established that he without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not. In Georgia, a defendant asserting an assumption of the

risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks. Knowledge of the risk is the watchword of assumption of risk, and means both *actual* and *subjective* knowledge on the plaintiff's part. The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. The knowledge requirement does not refer to a plaintiff's comprehension of general, non-specific risks that might be associated with such conditions or activities. As stated by Dean Prosser: In its simplest and primary sense, assumption of the risk means that the plaintiff, in advance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from *a known risk arising from what the defendant is to do or leave undone.*

(Punctuation and footnotes omitted; emphasis in original.) *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996). Clearly after two prior nights' use of the forklift and work platform with no guard rails or tie-offs and operating the forklift in darkness, Sones was aware of and appreciated both actually and subjectively the risk of injury by falling off the forklift.

Although assumption of the risk is ordinarily not susceptible to summary adjudication, where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, summary judgment is appropriate. To show assumption of the risk, the defendant must present evidence that the plaintiff had (1) actual knowledge of the danger, (2) understood and appreciated the risks, and (3) voluntarily exposed himself to that risk.

(Citations omitted.) *Devotie v. Turner Arena Operations*, 259 Ga. App. 90, 92 (2) (576 SE2d 7) (2002); *Tennison v. Lowndes-Echols Assn. for Retarded Citizens*, 209 Ga. App. 343, 344 (433 SE2d 344) (1993) (plaintiff's assumption of the risk can be implied from facts which showed he was aware of the risk that the load of lumber upon which he was standing could suddenly shift and cause him to fall). With full knowledge and appreciation of the danger acquired over several days, Sones freely and voluntarily chose to be lifted high above the ground on a forklift not designed as a work platform to work where there were no guard rails or tie-offs on a sheet of boards; thus, the trial court correctly granted summary judgment on the affirmative defense of

assumption of risk. *Bass Custom Landscapes v. Cunard*, 258 Ga. App. 617, 620 (1) (575 SE2d 17) (2002).

2. Since assumption of the risk is an absolute defense to liability under any theory of negligence and since Division 1 affirms the trial court's grant of summary judgment on this affirmative defense, then all other enumerations of error are moot.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 18, 2004 — ▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

*Charles E. Muskett, Leslie L. Aiken*, for appellant.

*Goodman, McGuffey, Lindsey & Johnson, Edward H. Lindsey, Jr., Sharon E. Murphy*, for appellees.