## A05A1393. WASHINGTON v. J. D. ROYER WHOLESALE FLORIST.
### (620 SE2d 626)

ELLINGTON, Judge.

The Superior Court of Houston County granted the motion for summary judgment filed by J. D. Royer Wholesale Florist on Paul Washington's negligence claim. Washington appeals, contending the undisputed evidence shows that Royer had superior knowledge of the hazard which caused Washington to fall and that the trial court erred in concluding the accident was proximately caused by Washington's own negligence. Because the undisputed evidence shows that Royer did not have superior knowledge of the hazard, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." (Citation and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party." (Footnote omitted.) *Pirkle v. Robson Crossing, LLC*, 272 Ga. App. 259 (612 SE2d 83) (2005). "[T]he routine issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety[,] are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997). "A grant of summary judgment must be affirmed if it is right for any reason." (Citation and punctuation omitted.) *Devotie v. Turner Arena Operations*, 259 Ga. App. 90 (576 SE2d 7) (2002).

The record shows the following undisputed facts. On April 22, 2003, Washington visited Royer, a wholesale florist supply business. In front of the entry door, which opened to the outside, lay a carpet remnant used as a door mat. When Washington pushed the entry door to leave, the door caught on the edge of the mat and turned up the edge. As Washington stepped through the doorway, his foot caught on the upturned edge of the mat and he fell, sustaining serious injuries.

The mat had been in position about four months before Washington fell, during which time Washington visited the shop at least four times per week. There is no evidence that during that period of time anyone, including Washington, observed the mat to be frayed, curled, wrinkled, rumpled, folded, displaced, or otherwise defective

or observed the mat being caught on the door. There were no prior incidents of anyone having trouble crossing the mat.

In order to recover for injuries sustained in a slip-and-fall or trip-and-fall action, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. at 748 (2) (b). "The true basis of liability is the owner/occupier's superior knowledge of the existence of a defective or hazardous condition." (Citation omitted.) *Lee v. Food Lion*, 243 Ga. App. 819, 821 (534 SE2d 507) (2000). Where, as here, it is undisputed the defendant lacked actual knowledge of any alleged hazard, the case turns on whether constructive knowledge of the alleged hazard can be imputed to the owner/occupier. *Lee v. Food Lion*, 243 Ga. App. at 821.

> Constructive knowledge can be established in two ways. First, constructive knowledge can be demonstrated by showing that an employee was positioned in the immediate vicinity and had the opportunity and means to discover and remove the hazard. . . . Second, constructive knowledge may be shown by evidence that the alleged hazard was present for such a length of time that it would have been discovered had the proprietor exercised reasonable care in inspecting the premises.

(Citations omitted.) Id.

In this case, there is no evidence that the mat demonstrated any tendency to get caught on the door and turn up or otherwise presented any hazard before the moment when Washington pushed the door open. It is plain, palpable, and undisputed that no Royer employee had the opportunity and means to discover and remove the hazard in the instant between when the hazard was created and when Washington tripped and fell. Under such circumstances, Royer was entitled to judgment as a matter of law. *Lee v. Food Lion*, 243 Ga. App. at 822; *Jackson v. K-Mart Corp.*, 242 Ga. App. 274, 276-277 (529 SE2d 404) (2000).

Accordingly, although we do not adopt the trial court's analysis, which concluded that the accident was caused by Washington's own negligence, we affirm the grant of summary judgment in favor of Royer.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 7, 2005.

*Jones & Oliver, Charles E. Jones*, for appellant.
*Page, Scrantom, Sprouse, Tucker & Ford, David A. Siegel*, for appellee.