[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10485
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-01120-TCB

RALPH JAMES PUCKETT, III,

Plaintiff - Appellant,

versus

THE PLASTICS GROUP, INC.,
d.b.a. Wedco Moulded Products Co.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 1, 2014)

Before TJOFLAT, MARCUS, KRAVITCH, Circuit Judges.

PER CURIAM:

Ralph James Puckett, III, appeals the District Court's grant of summary judgment in a product liability suit brought against The Plastics Group, Inc.  For the reasons set forth below, we affirm the District Court's judgment.

In the early morning hours of January 16, 2010, Puckett tried to kindle a fire in his backyard.  He struggled to get a big enough fire going, so, after eventually managing to produce a small flame, Puckett splashed some gasoline out of his gas can onto the open flame.  The gas ignited and the vapors inside the can exploded.  Puckett suffered severe burns over approximately half his body.

In April 2011 Puckett filed this action against The Plastics Group, the gas can's manufacturer, in the Northern District of Georgia.  He asserted three claims under Georgia law: (1) defective design, because The Plastics Group did not include a safety device to prevent the vapors inside the can from igniting; (2) failure to warn, because the warning against exploding vapors was not conspicuous enough; and (3) negligence, based on the same claims of unreasonable design and insufficient warning.

After discovery, The Plastics Group filed a motion for summary judgment on all three claims.  In considering the motion, the District Court accepted the following relevant facts as true:  The gas can did not include a "flame arrestor"—a small mesh screen installed in the nozzle that is designed to reduce the risk of igniting vapors.  A warning appeared on the side of the gas can that warned against

2

the danger of exploding vapors.[1]  The warning was embossed on the side of the gas can—i.e., the letters were raised against the background—but the text was the same color as the background.  Puckett did not read the warning but was aware that gasoline is flammable and that splashing gasoline on the fire was dangerous; however, he was not aware of the possibility that the vapors inside the gas can could explode in the manner in which they did.

Taking these facts, the District Court held that Puckett assumed the risk of his injury when he splashed gasoline on the fire because he was aware of the danger he created by combining gasoline with an open flame.  See Yamaha Motor Corp., USA v. McTaggart, 313 Ga. App. 103, 105, 720 S.E.2d 217, 219 (2011) ("[A] plaintiff's recovery for an injury caused by a defective product is precluded under the affirmative defense of assumption of the risk if the defendant proves that the plaintiff 'without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not.'" (quoting Muldovan v. McEachern, 271 Ga. 805, 807, 523 S.E.2d 566, 569 (1999))).  The court also held that the risk of injury from splashing gasoline on a fire is open and obvious, and so The Plastics Group did not have a duty to warn against that danger.  See Boyce v. Gregory Poole Equip. Co.,

---

[1] During Puckett's deposition, The Plastics Group presented a replica can that had the following warning on its side: "Gasoline.  Danger.  Extremely Flammable.  Vapors can explode or cause flash fire. . . .  Keep away from flame . . . .  Vapors can be ignited by a spark or a flame source many feet away."  Doc. No. 150-1 at 34.

269 Ga. App. 891, 895, 605 S.E.2d 384, 388 (2004) ("Generally, there is no duty on the seller to warn the user or consumer of a patent defect or danger that the purchaser should recognize."). And the court held that Puckett's conduct constituted contributory negligence, thus barring recovery on his negligence claim. See O.C.G.A. § 51-11-7 ("If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover."). Accordingly, the District Court granted summary judgment in favor of The Plastics Group on all three of Puckett's claims.

We review the District Court's grant of summary judgment de novo. Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999). Thus, on appeal we apply the same standard for summary judgment as the District Court: viewing the evidence in the light most favorable to Puckett, if it appears that there is "no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law," we must grant summary judgment for The Plastics Group. See Fed. R. Civ. P. 56(a); Watkins, 190 F.3d at 1216.

Under Georgia law, assumption of risk bars recovery under all three of Puckett's claims.[2] To prevail on an assumption of risk defense, a defendant must

---

[2] See Sones v. Real Estate Dev. Grp., Inc., 270 Ga. App. 507, 508, 606 S.E.2d 687, 689 (2004) ("Assumption of the risk is a defense to any theory of negligence . . . ."); Yamaha, 313 Ga. App. at 105, 720 S.E.2d at 219 ("[A] plaintiff's recovery for an injury caused by a defective product is precluded under the affirmative defense of assumption of the risk . . . ."); cf. Banks v. ICI Americas, Inc., 264 Ga. 732, 733, 450 S.E.2d 671, 672 (1994) (explaining that inadequate warnings are a type of product defect).

4

show that "the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks." Vaughn v. Pleasant, 266 Ga. 862, 864, 471 S.E.2d 866, 868 (1996). "The knowledge that a plaintiff who assumes the risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately caused injury." Id.

All agree that Puckett knew gasoline was flammable (which is why he poured it on the fire) and that he appreciated the danger associated with pouring gasoline on an open flame. During his deposition, Puckett explained that he intentionally stood back a few feet, just in case the fire flared up, because "I didn't want to singe my eyebrows or anything." Doc. No. 150-1 at 30. Puckett nonetheless contends that, even though he was aware of the risk of being burned while pouring gasoline on an open flame, he was not aware of the "drastically greater and qualitatively different" risk that his actions could cause the gas can to explode in his hand. See App'nt Br. at 8. While Georgia law requires knowledge of the "specific, particular risk of harm" that causes a plaintiff's injury, Vaughn, 266 Ga. at 868, 471 S.E.2d at 868, it does not recognize the distinction Puckett wishes to draw between knowledge of the danger and knowledge of the precise

series of events that leads to the injury.[3]  The danger Puckett was aware of—that gas ignites when exposed to fire—caused his injuries.  Puckett's expectation that he would, at worst, get singed eyebrows does not change the fact that he accepted the risk of being burned when he voluntarily poured gasoline onto a fire.

Therefore, we agree with the District Court that Puckett assumed the risk of his injuries.  Because assumption of risk bars recovery under all of Puckett's claims, we need not address the remaining grounds for the District Court's grant of summary judgment.

AFFIRMED.

---

[3] For example, in Kane v. Landscape Structures, Inc., 309 Ga. App. 14, 709 S.E.2d 876 (2011), the manufacturer of playground equipment raised assumption of the risk as a defense to a suit brought by parents of a child who fell while climbing on the company's equipment.  The parents argued that their child was not aware that he could be injured in the particular manner in which the accident occurred.  The Georgia Court of Appeals rejected the argument and held instead that the child's awareness of the danger of falling was sufficient to establish his assumption of the risk.  Id. at 18, 709 S.E.2d at 879.  Similarly, in Rayburn v. Ga. Power Co., 284 Ga. App. 131, 643 S.E.2d 385 (2007), a tree trimmer argued that he had not assumed the risk of his injuries from a falling limb because he was not aware that the particular limb was going to fall on him.  The Georgia Court of Appeals summarily rejected this argument, explaining that he "did not have to know which particular limb would strike him to assume the risk that a limb might fall."  Id. at 137, 643 S.E.2d at 390; see also Devotie v. Turner Arena Operations, Inc., 259 Ga. App. 90, 92, 576 S.E.2d 7, 9–10 (2002) (holding that a sports fan assumed the risk of falling out of his seat because he knew his seat was not properly bolted to the ground); Tennison v. Lowndes-Echols Ass'n for Retarded Citizens, Inc., 209 Ga. App. 343, 344, 433 S.E.2d 344, 346 (1993) (holding that a lumber yard worker assumed the risk of falling off of a pile of lumber and then having the lumber and a forklift fall on top of him because he knew that the lumber could shift and that the forklift could tip over).