**THIRD DIVISION**
**DILLARD,**
**MCFADDEN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 19, 2016**

# In the Court of Appeals of Georgia

A15A1708. WATSON v. REGIONAL FIRST CARE, INC. et al.

MCFADDEN, Judge.

Appellant Johnny Watson, passed out while waiting in an examination room in a medical clinic, fell off the exam table he had been sitting on, and was injured. He sued the clinic, Regional First Care, Inc. and the medical assistant who had interviewed him a few minutes earlier, Kimbly Berry, alleging that Berry's negligence caused his injuries. Because Watson had passed out three times before and was injured on at least one of those occasions, the trial court granted Regional's summary judgment motion on the grounds that Regional had established the affirmative defense of the assumption of the risk. We agree and affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of

summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997) (citations omitted).

So viewed, the record shows that Watson first visited Regional, a walk-in medical clinic, for treatment of bronchitis on April 10 and again on April 16. A few days after the second visit, Watson passed out at home while coughing and hit his head on his night stand. On May 2, Watson drove himself back to Regional for further treatment of his bronchitis. During this visit, Berry, a medical assistant , escorted Watson to the examination room where she instructed him to sit down on the exam table, took his blood pressure, and then left to retrieve the doctor. While Berry was interviewing Watson, he informed her that he had passed out from coughing on two prior occasions. While Watson was seated on the exam table, but before the doctor arrived, Watson experienced another coughing fit and passed out, falling to the floor and sustaining his injuries.

"As a general rule, whether a party assumed the risk of his injury is an issue for the jury that should not be decided by summary judgment unless the defense is

2

conclusively established by plain, palpable and undisputed evidence." *Turner v. Sumter Self Storage Co.*, 215 Ga. App. 92, 94 (3) (449 SE2d 618) (1994). "A defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks." *Findley v. Griffin*, 292 Ga. App. 807, 809 (2) (666 SE2d 79) (2008) (citations omitted)."Knowledge of the risk is the watchword of assumption of risk, and means both actual and subjective knowledge on the plaintiff's part." *Kroger Co. v. Williams*, 257 Ga. App. 833, 835 (572 SE2d 316) (2002).

Watson's sole enumeration of error states that the lower court erred by "not considering the [contributory] negligence of [Regional's] medical assistant" in leaving Watson alone knowing of the potential for him to faint. It is true that an act of contributory negligence or an error in judgment on the part of the plaintiff is not necessarily an assumption of risk, and the rule does not extend to a plaintiff assuming the risk of the negligent act of another. *Little Rapids Corp. v. McCamy*, 218 Ga. App.111, 113 (1) (460 SE2d 800) (1995). In that case, we illustrated the rule with the example of a

3

pedestrian who walks across the street in the middle of a block, through a stream of traffic traveling at excessive speed, cannot by any stretch of the imagination be found to consent that the drivers shall not use care to watch for him and avoid running him down. On the contrary, he is insisting that they shall. This is contributory negligence pure and simple; it is not assumption of risk.

Id. (citations omitted). When assessing whether a plaintiff has assumed the risk, the applicable standard focuses on the plaintiff's knowledge; it is "a subjective one, geared to the particular plaintiff and his situation, rather than that of a reasonable person of ordinary prudence who appears in a completely separate defense of contributory negligence." *Findley*, 292 Ga. App. at 809.

We find that the evidence that Watson had assumed the risk satisfies the plain, palpable, and undisputed standard required for the grant of summary judgment. See *Kroger Co.*, 257 Ga. App. at 837. The record illustrates Watson's subjective awareness of the risk that he could potentially pass out from coughing, as Watson had sustained injuries from passing out from coughing prior to his fall at Regional. Watson himself acknowledged that no one knew better than him about the risks of coughing and falling. The room where Watson sustained his injuries contained two chairs in which Watson was free to sit, but he chose not to. These undisputed facts

4

establish, as a matter of law, that Watson voluntarily and knowingly chose to remain seated upon the table, regardless of any alleged negligence on the part of Berry. See *Tennison v. Lowndes-Echols Ass'n for Retarded Citizens*, 209 Ga. App. 343 (433 SE2d 344) (1993).

*Judgment affirmed. Dillard and Mercier, JJ., concur.*