A95A2240. GINN v. GROTHERE.
(469 SE2d 876)

BEASLEY, Chief Judge.
Willie Ginn sued Robert Grothere d/b/a Piggly Wiggly Carolina after Ginn slipped and fell at one of defendant's stores in Savannah, Georgia. Plaintiff appeals following the trial court's grant of summary

judgment to defendant. He contends that summary judgment was inappropriate because there are issues of material fact which must be resolved by a jury.

The trial court, which helpfully explained the basis for its judgment in detail for the parties, their counsel, and this court, is correct; the judgment is affirmed.

This case turns on the defendant/movant's showing, as permitted by *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), that "there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." That is, there is "an absence of evidence to support the nonmoving [plaintiff's] case," id., in that plaintiff cannot show that defendant had constructive knowledge of the Trend liquid dish detergent being on the off-white floor of the grocery store. (This is even assuming that plaintiff, who did not see the substance either before or after he fell, did not know how much was present, did not know where it came from, and did not know what caused his fall, slipped and fell on that substance.) This involves evidence of breach of duty, the second element of tort.

The duty is "to exercise ordinary care in keeping the premises . . . safe." OCGA § 51-3-1. The owner or occupier is not required to be an insurer of the safety of its invitees against all injury; "what the law requires is such diligence toward making the premises safe as the ordinarily prudent business[person] in such matters is accustomed to use." *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 344 (226 SE2d 142) (1976); *Newman v. Ruby Tuesday*, 184 Ga. App. 827, 829 (363 SE2d 26) (1987). The statutory duty in this public store case includes the duty " ' "to exercise reasonable care in inspecting and keeping the premises in safe condition." ' " *Brooks v. Kroger Co.*, 194 Ga. App. 215 (1) (390 SE2d 280) (1990). See also *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (1) (366 SE2d 781) (1988).

This is the only avenue of liability on which plaintiff can possibly travel, as there is no evidence of the proprietor's actual knowledge of the hazard before the fall and no evidence of its constructive knowledge by way of an employee in the vicinity who could have seen it. See *Edwards v. Wal-Mart Stores*, 215 Ga. App. 336, 337 (449 SE2d 613) (1994). On appeal, plaintiff acknowledges that there is no evidence that defendant had actual notice, focuses on the nearby employee theory, and mentions in only one sentence the theory of negligent inspection.

A journey down this last avenue requires a plaintiff to prove "a period of time the dangerous condition has been allowed to exist. Without such (proof) it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard." (Punctuation omitted.) *Mallory v. Piggly Wiggly Southern*, 200 Ga. App. 428, 429 (1) (408 SE2d 443)

(1991). A defendant can establish a *lack* of actionable constructive knowledge "by evidence of compliance with reasonable inspection and/or cleaning procedures." (Punctuation omitted.) *Mallory*, supra at 430. In considering such, we must keep in mind that "a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous." *Mazur v. Food Giant*, 183 Ga. App. 453 (1) (359 SE2d 178) (1987). See also *Brooks v. Kroger Co.*, supra; *Winn-Dixie Stores v. Hardy*, supra. There is no evidence or contention that this grocery store was unusually dangerous.

The evidence is uncontroverted that the floor was "shagged" with a big dry dust mop every two hours beginning at 9:00 a.m., with the last sweep being at 9:00 p.m. The store was open from 6:00 a.m. until midnight. The schedule, with a 5:00 p.m. sweep, was followed on that Thursday, and no slippery foreign substance was found at that time. These sweeps are logged in, as are the twice daily complete safety checks done by the manager, once in the a.m. and once in the p.m. The store maintains a program called "Don't pass it up, pick it up," which directs employees to pick up whatever they see and can be picked up and to get wiped up what cannot be picked up, keeping someone present until it is wiped up so no one is injured on it. An outside maintenance firm cleans the floor every night beginning about 11:00 p.m. The assistant manager who was on duty when Mr. Ginn fell testified that he goes "around the floor constantly looking at the floor, looking at the shelves, looking at the people, looking at whatever. . . . [T]hat's not an official safety log thing, but that's an ongoing thing."

This incident occurred after the 5:00 p.m. sweep. The plaintiff testified that he had to be at his liquor store at 7:00 p.m. and that he was not in a hurry when he was at the grocery store. He "had plenty of time to get to work." He had to drive to get there and in fact did drive there without difficulty after the fall, although his hand hurt. As to the time he arrived at the grocery store, plaintiff said it was "Maybe about 6:00-something. Maybe about that time . . . Maybe it was later than that. I don't know exactly." The assistant manager testified by affidavit that he was at the front of the store at approximately 5:50 p.m. when Mr. Ginn fell. Before he fell, he had gotten a handbasket, picked out some fruit and then some meat at the back of the store and was headed to the pastries through the detergent aisle. Thus, viewed in non-movant's favor, the fall occurred sometime between 5:50 p.m. and a point distant enough from 7:00 p.m. to allow plaintiff time to select pastries, pay for his groceries, and drive to the liquor store without hurrying. Plaintiff had no idea how long the liquid had been on the floor when he fell; he did not even know it was there, he testified.

With this record, plaintiff has failed to show, as he must, "that the foreign substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). See *Food Giant v. Cooke*, supra; *Hughes v. Hosp. Auth. of Floyd County*, 165 Ga. App. 530, 531 (301 SE2d 695) (1983). Unlike the situation in *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 809 (406 SE2d 234) (1991), where there was some evidence that the puddle seemed to have already dried around the edges and it could have been on the floor for as long as two and one-half hours, here there is *no* evidence how long the detergent was present and it was substantially less than two hours at the most. The jury would have to speculate as to the period of its presence.

On the other hand, as in *Mallory*, supra at 430, the evidence of defendant's cleaning and inspection procedures, which were followed the day plaintiff fell, pierced plaintiff's barely advanced theory that defendant had constructive knowledge of the detergent because it failed to exercise reasonable care in inspecting and cleaning the premises. See also *Morris v. Ryan's Family Steak Houses*, 206 Ga. App. 369 (425 SE2d 362) (1992); *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809 (440 SE2d 548) (1994); *Brooks v. Kroger Co.*, supra; compare *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257, 259 (2) (366 SE2d 785) (1988).

Defendant being entitled to summary judgment on these bases, as the trial court concluded, there is no necessity for us to address the question of plaintiff's care for his own safety.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MARCH 14, 1996.

*Charles W. Bell*, for appellant.
*Painter, Ratterree & Bart, Sarah B. Akins*, for appellee.