[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2000
THOMAS K. KAHN
CLERK

_____

No. 99-14122
Non-Argument Calendar

_____

D. C. Docket No. 97-01197-CIV-ORL-19

MEREDITH T. RANEY, JR.,

Plaintiff-Appellant,

versus

AWARE WOMAN CENTER FOR CHOICE, INC.,
a Florida Corporation, EDWARD W. WINDLE, JR., and
PATRICIA B. WINDLE, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 30, 2000)**

Before BIRCH, CARNES and BARKETT, Circuit Judges

PER CURIAM:

Meredith T. Raney, Jr. appeals from the grant of summary judgment to

Aware Woman Center for Choice, Inc. (the "Woman Center"), Edward W. Windle,

Jr. and Patricia Windle (collectively "Defendants") on his claim brought pursuant to the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248 (2000) (the "FACE Act"), which guarantees freedom of access to the entrances of reproductive health facilities. Raney also appeals from the denial of his two post-judgment motions to alter or amend the judgment. We affirm.

On three occasions, police officers in the city of Melbourne physically removed Raney from the entrance to the Woman Center and charged him with having violated a state court injunction, upheld in <u>Madsen v. Women's Health Center, Inc.</u>, 512 U.S. 753 (1994) (the "Madsen injunction"), that prohibits anti-abortion protestors from entering a specified 36-foot buffer zone in front of the Woman Center. In his complaint, Raney alleged that the police officers, as agents of the Defendants, prevented him from providing counseling services to women and men as they were entering and leaving the Woman Center and thus violated his rights, protected under the FACE Act. The district court, finding that Raney could establish no factual basis for his claim that the city police were agents of the Defendants, dismissed the complaint. The district court also twice denied Raney's motions to alter or amend the judgment, through which he sought to introduce additional deposition testimony in support of his agency claim.

We review de novo the district court's order granting summary judgment,

viewing the record and all its inferences in favor of the nonmoving party. <u>See</u>

<u>Arrington v. Cobb County</u>, 139 F.3d 865, 871 (11th Cir. 1998). Summary

judgment is proper if there is no genuine issue of material fact and the moving

party is entitled to judgment as a matter of law. <u>Irby v. Bittick</u>, 44 F.3d 949, 953

(11th Cir. 1995) (citing Fed. R. Civ. P. 56(c)). We review a district court's denials

of motions to alter or amend a judgment for abuse of discretion. <u>Mays v. U.S.</u>

<u>Postal Service</u>, 122 F.3d 43, 46 (11th Cir. 1997).

On appeal, Raney first reasserts his claim that the city police, in enforcing

the Madsen injunction, acted as agents of the Defendants. We have reviewed the

record, and we agree with the district court that the affidavits that Raney has

produced do not support his agency claim. "Agency is the fiduciary relation which

results from the manifestation of consent by one person to another that the other

shall act on his behalf and subject to his control, and consent by the other so to

act." Restatement (Second) of Agency § 1(1) (1958). The affidavits submitted in

support of Raney's claim establish only that city police were deployed to enforce

the Madsen injunction on days when abortion procedures were performed at the

Woman Center. While the record indicates that the Defendants cooperated with

the police and notified them when the Woman Center's clients and employees

would need protection, it does not suggest that the police were subject to the

Defendants' control. Accordingly, we find that the district court did not err in awarding the Defendants summary judgment on the ground that Raney could not show that the police acted as the Defendants' agents.

In addition, because Raney cannot state a cause of action under the FACE Act, we also find that the district court did not abuse its discretion in denying Raney's post-judgment motions to amend the judgment. A FACE Act action may be brought "only by a person involved in providing or seeking to provide, or obtaining or seeking to obtain, services *in a facility* that provides reproductive health services . . . ." 18 U.S.C. § 248(c)(1)(A) (emphasis added). The statute defines "facility" to include "a hospital, clinic, physician's office, or other facility that provides reproductive health services, and includes the building or structure in which the facility is located." 18 U.S.C. § 248(e)(1). The "reproductive health services" protected under the statute must be provided "in a hospital, clinic, physician's office, or other facility . . . ." 18 U.S.C. § 248(e)(5).

By requiring that the person bringing a FACE action be seeking or providing reproductive health services in a facility, Congress recognized the difference between trained professionals who work in credentialed facilities and unregulated volunteer counselors who are not attached to recognized providers of reproductive healthcare. On each of the three occasions when Raney was arrested for violating

4

the Madsen injunction, he was standing on a sidewalk outside of the Woman Center clinic. He therefore can claim neither that he was in a facility nor that he was offering the type of reproductive health services to which the FACE Act protects access.[1]

Accordingly, the order of the district court is AFFIRMED.

---

[1] Because we find that Raney cannot bring a cause of action under the FACE Act, we need not determine whether he qualifies as a "counselor" under the FACE Act.