[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10504
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03099-WBH

SHERRI BROWN,
KELVIN BROWN,

Plaintiffs - Appellants,

versus

PUBLIX SUPER MARKETS, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 8, 2015)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sherri Brown sued Publix Super Markets, Inc., to recover for injuries she sustained when she slipped and fell in one of its Georgia stores. Mrs. Brown brought a claim for negligence, and her husband, Kelvin Brown, brought a claim for loss of consortium. The district court granted Publix's motion for summary judgment. Mrs. Brown appeals, arguing that the district court committed various errors.

After review of the record and the parties' briefs, we affirm.

## I

Mrs. Brown fell in the store's deli section in an area adjacent to the deli counter. Two long floor mats ran the length of the deli counter. To the right of the counter was an opening through which Publix employees could pass to access the area behind the counter. The floor mats did not cover that area of the floor. Mrs. Brown slipped in that open area as she stepped off one of the floor mats.

Mrs. Brown testified that she slipped on black grease spots and that she saw the spots only after she had fallen. *See* D.E. 18-3 at 4 (Brown Aff. ¶¶ 15–17). She also testified that the spots were each about the size of a quarter, covered a total area of approximately two inches by two inches, and were not "easily visible." *See* D.E. 18-4 at 5, 9 (Brown Dep. 67:22–68:24, 82:24–83:5). Two Publix employees, who were present immediately after Mrs. Brown fell, stated in their sworn

2

affidavits that they looked for and did not see any foreign substance on the floor. *See* D.E. 13-3 at 4 (Draves Aff. ¶ 8); D.E. 13-4 at 4 (Johnson Aff. ¶ 8).

Forty-three minutes of security video footage—not part of the record on appeal—captured Mrs. Brown's fall and the period immediately before and after. The district court concluded that the video lacked the detail necessary to determine whether any substance was on the floor where Mrs. Brown fell. *See* D.E. 31 at 1 ("The video is of insufficient quality to make any judgment about the condition of the floor."). The district court noted that the footage revealed that several Publix employees, including the store manager, walked over or stood in the area where Mrs. Brown fell. *Id.* at 2. According to Mrs. Brown, at two points in the video, Publix employees are seen walking over the area while carrying containers of clear liquid. *See* Appellant's Br. at 7–9. Mrs. Brown testified that she did not see the two employees carrying the containers of clear liquid, did not see them transporting the containers in such a way that the substance could spill, did not see how the spots got on the floor, and did not see the spots until she had fallen. *See* D.E. 18-3 at 3–4 (Brown Aff. ¶¶ 9–10, 17).

Publix has a "Don't pass it up. Pick it up!" safety policy. The policy requires all Publix employees to be vigilant in looking for spills or other potential hazards on store premises and to immediately clean up or correct those hazards. D.E. 18-15 at 3–4 (Pl.'s Ex. K at 3-4). The store manager, Daniel Draves, and the

3

assistant deli manager, Denise Johnson, both testified that Publix employees inspected the area where Mrs. Brown fell—by visually scanning the floor pursuant to Publix's policy—at least four times in the approximately fifteen minutes prior to the incident. *See* D.E. 13-3 at 3 (Draves Aff. ¶ 7); D.E. 13-4 at 3 (Johnson Aff. ¶ 7).

The district court granted summary judgment in favor of Publix, ruling that Mrs. Brown could not demonstrate that the store had constructive knowledge of the black grease spots. *See* D.E. 31 at 5. The district court concluded that Mrs. Brown did not prove that the black grease spots were easily seen, nor did she provide any evidence to show the length of time that the spots were on the floor. *Id.* The court also found that Mrs. Brown's failure to present evidence regarding the length of time the black grease spots were on the floor precluded any argument regarding the reasonableness of Publix's inspection policies. *Id.* at 7. Finally, as to Ms. Brown's argument that an employee spilled something in the area where she fell, the district court ruled that there was "no basis from which the jury could find that it was more likely than not that an employee spilled anything." *Id.* at 7–8.

Mrs. Brown argues that the district court committed three errors: (1) it incorrectly found that Publix lacked constructive knowledge of the alleged grease spots on the floor; (2) it failed to afford her proper reasonable inferences regarding

4

the facts; and (3) it erroneously dismissed Mr. Brown's loss of consortium claim as derivative of Mrs. Brown's negligence claim.

## II

We review an order granting summary judgment *de novo*.  *See Raney v. Aware Woman Ctr. for Choice, Inc.*, 224 F.3d 1266, 1268 (11th Cir. 2000).  We view the facts and reasonable inferences in the light most favorable to Mrs. Brown.  *See Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011).  Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 311 (1986).  A genuine issue of material fact exists if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  "[A]n inference based on speculation and conjecture is not reasonable." *Chapman v. Am. Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988).

To prevail on a slip-and-fall claim under Georgia law, a plaintiff "must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997).  The second element is not at issue here.  Publix does not dispute that Mrs. Brown

5

exercised ordinary care; nor does it dispute that she lacked knowledge of any potential hazard. Actual knowledge is also not at issue, because Mrs. Brown alleged only that Publix had constructive knowledge.

"Constructive knowledge can be proven by showing either (1) that an employee of the proprietor was in the immediate area of the hazardous condition and could have easily seen the substance or (2) that a foreign substance remained on the floor for such a time that ordinary diligence by the proprietor should have effected its discovery." *J.H. Harvey Co. v. Reddick*, 522 S.E.2d 749, 752 (Ga. Ct. App. 1999) (internal quotation marks and citation omitted). Under the second method, such knowledge

> may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident.

*Shepard v. Winn Dixie Stores, Inc.*, 527 S.E.2d 36, 38 (Ga. Ct. App. 1999) (internal quotation marks and footnote omitted). *See also Ginn v. Grothere*, 469 S.E.2d 876, 878 (Ga. Ct. App. 1996) (explaining that "a defendant can establish lack of actionable constructive knowledge by evidence of compliance with reasonable inspection . . . procedures") (internal quotation marks and citation omitted). Nevertheless, under Georgia law, "[i]t is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the

6

premises are unusually dangerous." *Mazur v. Food Giant, Inc.*, 359 S.E.2d 178, 179 (Ga. Ct. App. 1987). *See also Blake v. Kroger Co.*, 480 S.E.2d 199, 202 (Ga. Ct. App. 1996) ("We know of no case or rule which requires a proprietor or its employees to crawl on the floor at regular intervals to discover and remove every otherwise hidden or invisible hazard.").

To survive summary judgment under the second method of proving constructive knowledge, a plaintiff must prove the period of time that the hazardous condition existed. *See Ginn*, 469 S.E.2d at 878. "Without such (proof) it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard." *Id.* (internal quotation marks omitted). "[T]he plaintiff need not show how long the hazard had been present[, however,] unless the owner has demonstrated its inspection procedures." *Shepard*, 527 S.E.2d at 38 (finding that a store did not demonstrate inspection procedures where store manager's affidavit discussed the store's general inspection policy but did not address whether the manager possessed personal knowledge of inspections carried out on the day of the slip-and-fall incident).

Georgia courts have repeatedly held that, regardless of any inspection policy, "where a proprietor . . . show[s] that an inspection occurred within a brief period prior to an invitee's fall, . . . the inspection procedure [is] adequate as a matter of law." *J.H. Harvey Co.*, 522 S.E.2d at 753 (collecting cases). *See also*

7

*Mucyo v. Publix Super Markets, Inc.*, 688 S.E.2d 372, 376 (Ga. Ct. App. 2009) (same).

## III

The district court correctly granted summary judgment in favor of Publix. Mrs. Brown was unable to produce sufficient evidence to create a genuine issue of material fact with respect to constructive knowledge. In fact, much of the record evidence is contrary to Mrs. Brown's version of the events and the bulk of her testimony is purely speculative.

## A

We first address Mrs. Brown's argument that the district court erred in finding that Publix lacked constructive knowledge of the black grease spots. As discussed earlier, there are two ways of proving constructive knowledge: (1) by establishing that an employee of the proprietor was in the immediate area of the hazardous condition and could have easily seen the substance; or (2) by showing that the foreign substance remained on the floor for such a time that ordinary diligence by the proprietor should have effected its discovery. *See J.H. Harvey Co.*, 522 S.E.2d at 752.

As to the first method of proving constructive knowledge, there is no dispute that Publix employees were in the area around the time Mrs. Brown fell. Two Publix employees testified that several store personnel traversed the area where

8

Mrs. Brown fell. *See* D.E. 13-3 at 3 (Draves Aff. ¶ 7); D.E. 13-4 at 3 (Johnson Aff. ¶ 7). The district court ruled that the surveillance video corroborated this testimony. *See* D.E. 31 at 2. There is no evidence, moreover, that Publix employees could have easily seen the substance Mrs. Brown slipped on. In fact, the evidence leads to the opposite conclusion.

Mrs. Brown testified that the black grease spots were the size of quarters and covered only a two by two inch area, that she only saw them once she was on the floor, and that the spots were not "easily visible." *See* D.E. 18-4 at 5, 9 (Brown Dep. 67:22–68:24, 82:24–83:5). Additionally, two Publix employees testified that they did not see black grease spots on the floor at all. *See* D.E. 13-3 at 4 (Draves Aff. ¶ 8); D.E. 13-4 at 4 (Johnson Aff. ¶ 8). Although we accept that the black grease spots existed, constructive knowledge cannot be established from this evidence. *See, e.g.*, *Mucyo,* 688 S.E.2d at 374 (finding that, because no evidence showed that the purported hazard was readily visible to plaintiff and others in the vicinity, the plaintiff did not establish that an employee could have easily seen and removed the hazard); *Brown v. Host/Taco Venture*, 699 S.E.2d 439, 443 (Ga. Ct. App. 2010) (finding that the plaintiff did not establish that the defendant could have easily seen a grease spot where the plaintiff testified that the grease spot was not "easily visible," and it was not apparent to him until after he had fallen). Moreover, the store manager and assistant deli manager testified that Publix

9

employees inspected the area where Mrs. Brown fell at least four times in the fifteen minutes before the incident. *See* D.E. 13-3 at 3 (Draves Aff. ¶ 7); D.E. 13-4 at 3 (Johnson Aff. ¶ 7). Publix's inspection of the area before the incident is therefore deemed adequate as a matter of law and summary judgment in favor of Publix was appropriate. *See J.H. Harvey Co.*, 522 S.E.2d at 753; *Mucyo*, 688 S.E.2d at 376.

The second way to prove constructive knowledge is by showing that the substance remained on the floor for a sufficiently long time for an employee to have discovered it. Mrs. Brown cannot prevail on this theory either. There is no evidence whatsoever as to how long the substance was on the floor. Mrs. Brown claimed that the substance had been on the floor for "almost an hour," *see* D.E. 18 at 22, but she provided no evidence to support this claim. Such speculation, unsupported by evidence, cannot defeat summary judgment. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.") (quoting *Hedberg v. Ind. Bell Tel. Co.,* 47 F.3d 928, 931–32 (7th Cir.1995) (emphasis in original)). And there was evidence that Publix employees inspected the area four times in the fifteen minutes before Mrs. Brown fell. *See* D.E. 13-3 at 3 (Draves Aff. ¶ 7); D.E. 13-4 at 3 (Johnson Aff. ¶ 7). Publix's inspection of the area before the incident is therefore deemed

10

adequate as a matter of law and summary judgment in favor of Publix was appropriate. *See J.H. Harvey Co.*, 522 S.E.2d at 753; *Mucyo*, 688 S.E.2d at 376.

**B**

Mrs. Brown argues that constructive knowledge could be inferred because Publix's "Don't pass it up. Pick it up!" inspection policy is unreasonable in that it does not require employees to conduct regular, documented inspections of the floor. This argument is unavailing.

As the district court correctly noted, "establishing constructive knowledge by showing that the business failed to exercise reasonable care in inspecting the premises 'requires proof of the length of time the dangerous condition was allowed to exist[.]'" D.E. 31 at 7 (quoting *Sheriff v. Hosp. Auth. of Houston Cnty.*, 471 S.E.2d 3, 4 (Ga. Ct. App. 1996)). And, as discussed above, Mrs. Brown's argument that the black grease spots were on the floor for almost an hour is speculative.

To the extent Mrs. Brown argues that the video does not show Publix employees looking down at the floor to support her claim that they did not inspect the floor, we are unpersuaded. The video is not part of the record on appeal, and we therefore cannot determine whether Mrs. Brown's argument is correct. *See Selman v. Cobb Cnty. School Dist.*, 449 F.3d 1320, 1333 (11th Cir. 2006) ("[T]he burden is on the appellant to ensure the record on appeal is complete[.]").

11

**IV**

Mrs. Brown argues that the district court did make not reasonable inferences in her favor. Specifically, she contends that the district court improperly concluded that because she testified that she did not easily see the grease spots, the Publix employees likewise could not have easily seen the hazard and corrected it. But, as explained above, there was no evidence presented by Mrs. Brown that the grease spots could have been easily seen. Additionally, the Publix employees testified that they did not see the black grease spots at all. Therefore, the district court made the only inference that was reasonable to make—the black grease spots were not easily visible.

Mrs. Brown further argues that the district court improperly inferred from the Publix employees' testimony (and from the surveillance video footage) that Publix conducted an inspection of the area where Mrs. Brown fell. She argues that the Publix employees' testimony contradicts the surveillance video footage because the employees seen in the video are not actually looking down at the floor as they pass over the area where Mrs. Brown fell. Again, we do not have the video to review. In any event, in the absence of any evidence that the black grease spots were easily visible it is irrelevant whether the Publix employees conducted an actual inspection of that area. *See Blake*, 480 S.E.2d at 202 ("[I]n the absence of evidence that a reasonable inspection would have discovered the foreign substance,

12

no inference can arise that defendant's failure to discover the substance was the result of its failure to inspect.").

## V

Finally, Mrs. Brown argues that because the district court improperly granted summary judgment on her negligence claim, it likewise improperly granted summary judgment on her husband's loss of consortium claim. We disagree.

Under Georgia law, loss of consortium claims are derivative actions that stem from the rights of a spouse. *See Henderson v. Hercules, Inc.*, 324 S.E.2d 453, 454 (Ga. 1985). Where an individual possesses no right to recover, his or her spouse likewise possesses no right to recover. *See Douberly v. Okefenokee Rural Elec. Membership Corp.*, 246 S.E.2d 708, 709 (Ga. Ct. App. 1978) (finding that, since the appellees were not liable for injuries to the appellant, they were not liable to appellant's wife for any loss of consortium attributable to those injuries). Because the district court properly granted summary judgment in favor of Publix on Mrs. Brown's negligence claim, it was correct in doing the same with regard to Mr. Brown's derivative loss of consortium claim.

## VI

For the forgoing reasons, we affirm the district court's order granting summary judgment in favor of Publix.

**AFFIRMED.**